1    **LAW OFFICES OF GREGORY A. YATES, P.C.**
     16830 Ventura Blvd., # 250
2    Encino, California 91436
     TEL. (310) 858-6944; FAX. (818) 905-7038
3
     **DANIEL C. MORGAN & ASSOC.**
4    5851 Thille Street, Suite 103
     Ventura, California 93003
5    TEL: (805) 815-4610; FAX: (805) 800-1880

6    Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal
     Representative of THE ESTATE OF TOMAS BARRERA, JR.
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MARIA LAZOS, et al,                    )    Case No. CV 08-02987 RGK (SHx)
                                            )
12                      Plaintiff,          )
                                            )    PLAINTIFFS' MOTION IN LIMINE
13   vs.                                    )    NO. 1 TO EXCLUDE CRIMINAL
                                            )    BACKGROUND OF DECEDENT
14   CITY OF OXNARD, et al,                 )
                                            )    Date: August 11, 2009
15                      Defendants.         )    Time: 9:00 a.m.
                                            )    Courtroom: 850
16   TOMAS BARRERA, SR.                     )
                                            )
17                      Plaintiff,          )
                                            )
18   vs.                                    )
                                            )
19   CITY OF OXNARD, et al,                 )
                                            )
20                      Defendants.         )
                                            )
21

22       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23       Plaintiffs, MARIA LAZOS and TOMAS BARRERA, SR., individually and as

24   representatives of the ESTATE OF TOMAS BARRERA, hereby move this Court for

25   an order excluding any and all evidence, testimony, references to testimony/evidence

26   or argument, relating to decedent's criminal background.

27       This motion is made under <u>Fed. R. Ev.</u> 401, 402, 403 and 609, and is based

28   upon the ground that the evidence is irrelevant and that its probative value is

---

MOTION IN LIMINE TO EXCLUDE CRIMINAL BACKGROUND

1    substantially outweighed by the danger of undue prejudice to Plaintiffs.

2        This motion is further based on the attached Memorandum of Points and

3    Authorities, the pleadings and papers on file in this action and upon such of argument

4    and evidence as may be presented prior to or at the hearing of this motion.

5

6    Dated: June 23, 2009         LAW OFFICES OF GREGORY A. YATES, P.C.

7

8                                GREGORY A. YATES
                                 Co-Counsel for Plaintiffs,
9                                TOMAS BARRERA, SR., individually and as a
                                 Personal Representative of THE ESTATE OF
10                               TOMAS BARRERA, JR.

11

12   Dated: June 26, 2009        LAW OFFICES OF KIM SCOVIS

13

14                               JENNY SCOVIS
                                 Counsel for Plaintiff,
15                               MARIA LAZOS, individually and as a Personal
                                 Representative of THE ESTATE OF TOMAS
16                               BARRERA, JR.

17

18

19

20

21

22

23

24

25

26

27

28

MOTION IN LIMINE TO EXCLUDE CRIMINAL BACKGROUND
- 2 -

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3
4
5

## THE COURT SHOULD EXCLUDE ANY EVIDENCE OF DECEDENT'S CRIMINAL BACKGROUND AS BEING IRRELEVANT AND HIGHLY PREJUDICIAL

6        The fact that decedent had a criminal record will prove or disprove no issue in
7   this action, and has no probative value. Therefore, such evidence should be excluded.

8        The only relevant issue in this case is whether officer Salinas reasonably
9   believed that decedent posed a threat of death or serious injury.  At the time he
10  pursued decedent, Salinas was not aware of decedent's identity and his criminal
11  background.  Thus, decedent's criminal history did not factor into Salina's decision
12  to shoot, and, therefore, it has absolutely no relevance to the issues in this case. Since
13  Salinas' state of mind is what relevant to determining the reasonableness of his
14  conduct, decedent's criminal background, which was unknown to Salinas at the time
15  he shot decedent, is irrelevant and has no probative value to this case.

16        While admitting such evidence has no probative value, it would be highly
17  prejudicial to Plaintiffs, as it would depict decedent as a criminal and will arouse the
18  jury's prejudice, hostility and antipathy. *See* United Satates v. Bejar-Matrecois, 618
19  F.2d 81, 84 (9th Cir.1980) (trial court erred by admitting evidence of a prior
20  conviction of the defendant, because to the extent that the evidence was relevant, it
21  was outweighed by its unfairly prejudicial and cumulative nature.)  If decedent is
22  depicted as having criminal background, the jury might tend to make their
23  determination on an improper basis, and conclude that officer Salinas was reasonable
24  in shooting decedent only because he had a criminal record.  Allowing the evidence
25  will prolong this trial and waste the valuable time and resources of the Court and all
26  other participants, while adding absolutely nothing significant or valuable to the
27  evidence.

28  ///

1   While <u>Fed. R. Ev.</u> 609 provides the general rule that evidence of felony

2   convictions may be used to attack witness credibility, this is inapplicable to our case,

3   since, clearly, decedent will not be a witness in this case. The cardinal issue in this

4   case will depend on Salinas' and not decedent's credibility.

5                                          **II.**

6                                    **<u>CONCLUSION</u>**

7   Based on the above, it is respectfully requested that the Court exclude any and

8   all evidence, testimony, references to testimony/evidence or argument, relating to

9   decedent's criminal background.

10

11

12   Dated: June 23, 2009          LAW OFFICES OF GREGORY A. YATES, P.C.

13

14                                 _____
                                    GREGORY A. YATES
15                                 Co-Counsel for Plaintiffs,
                                    TOMAS BARRERA, SR., individually and as a
16                                 Personal Representative of THE ESTATE OF
                                    TOMAS BARRERA, JR.

17   Dated: June 22, 2009          LAW OFFICES OF KIM SCOVIS

18

19                                 _____
                                    JENNY SCOVIS
20                                 Counsel for Plaintiff,
                                    MARIA LAZOS, individually and as a Personal
21                                 Representative of THE ESTATE OF TOMAS
                                    BARRERA, JR.

22

23

24

25

26

27                                 _____
                                    MOTION IN LIMINE TO EXCLUDE CRIMINAL BACKGROUND
28                                                    -4-