1  **LAW OFFICES OF GREGORY A. YATES, P.C.**
   16830 Ventura Blvd., # 250
2  Encino, California 91436
   TEL. (310) 858-6944; FAX. (818) 905-7038
3
   **DANIEL C. MORGAN & ASSOC.**
4  5851 Thille Street, Suite 103
   Ventura, California 93003
5  TEL: (805) 815-4610; FAX: (805) 800-1880

6  Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.
7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MARIA LAZOS, et al,                )   Case No. CV 08-02987 RGK (SHx)
                                        )
12                      Plaintiff,      )
                                        )   PLAINTIFFS' MOTION IN LIMINE
13  vs.                                 )   NO. 2 TO EXCLUDE ANY MENTION
                                        )   OF DECEDENT'S USE OF DRUGS OR
14  CITY OF OXNARD, et al,              )   ALCOHOL OF
                                        )
15                      Defendants.     )   Date: August 11, 2009
    _____)   Time: 9:00 a.m.
16  TOMAS BARRERA, SR.                  )   Courtroom: 850
                                        )
17                      Plaintiff,      )
                                        )
18  vs.                                 )
                                        )
19  CITY OF OXNARD, et al,              )
                                        )
20                      Defendants.     )
    _____)
21

22          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23          Plaintiffs, MARIA LAZOS and TOMAS BARRERA, SR., individually and as

24  representatives of the ESTATE OF TOMAS BARRERA, hereby move this Court for

25  an order excluding any and all evidence, testimony, references to testimony/evidence

26  or argument, relating to decedent's drug/alcohol use.

27          This motion is made under Fed. R. Ev. 401, 402 and 403, and is based upon the

28  ground that the evidence is irrelevant and that its probative value is substantially

1  outweighed by the danger of undue prejudice to Plaintiff.
2      This motion is further based on the attached Memorandum of Points and
3  Authorities, the pleadings and papers on file in this action and upon such of argument
4  and evidence as may be presented prior to or at the hearing of this motion.
5
6  Dated: June 23, 2009          LAW OFFICES OF GREGORY A. YATES, P.C.
7
8                                 _____
                                   GREGORY A. YATES
9                                  Co-Counsel for Plaintiffs,
                                   TOMAS BARRERA, SR., individually and as a
10                                 Personal Representative of THE ESTATE OF
                                   TOMAS BARRERA, JR.
11
12 Dated: June 26, 2009           LAW OFFICES OF KIM SCOVIS
13
14                                 _____
                                   JENNY SCOVIS
15                                 Counsel for Plaintiff,
                                   MARIA LAZOS, individually and as a Personal
16                                 Representative of THE ESTATE OF TOMAS
                                   BARRERA, JR.
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### EVIDENCE OF PLAINTIFF'S PRIOR DRUG/ALCOHOL USE AND/OR ADDICTION SHOULD BE EXCLUDED AS BEING NOT RELEVANT AND HIGHLY PREJUDICIAL

Evidence of drinking or drug habits is generally inadmissible, absent a showing that the witness had been drinking prior or contemporaneous to the event in question. United States v. Robinson, 956 F.2d 1388, 1397-98 (7th Cir. 1992); Black v. N&W Gear Co., 269 F.3d 1220, 1233-26 (10th Cir. 2001). In this case, there is no evidence to suggest that the decedent was under the influence prior to being shot. More importantly, there is no evidence that drug/alcohol use was a factor in the decision to shoot decedent. There is absolutely no evidence that decedent consumed any alcohol or used drugs prior to the incident, and certainly his past conduct has no bearing on the issue in this action.

Admitting evidence of decedent's drug and/or alcohol use would not prove or disprove any fact necessary to this action and will add absolutely nothing significant or valuable to the evidence. F.R.E. 401 and 402.

While admitting such evidence has no probative value, it would be highly prejudicial, as it would depict decedent as a drug user and/or alcoholic and will arouse the jury's prejudice, hostility and antipathy. See United States v. Blackstone, 56 F.3d 1143, 1145-46 (9th Cir. 1995) (trial court abused its discretion by admitting evidence of narcotics recipes that were found in the defendant's vehicle and expert testimony regarding drug-trafficking, because, to the extent that the evidence was relevant, it was unfairly prejudicial and highly inflammatory); Lucero v. Donovan, 354 F.2d 16, 22 (9th Cir.1965 (trial court erred by admitting expert testimony that plaintiff was a narcotics user based upon a scar on her arm, because the evidence was not proper for impeachment and was irrelevant and prejudicial); Rovegno v. Geppert

Bros., Inc. (1982 CA3 Pa) 671 F.2d 327 (in wrongful death action, judge did not abuse his discretion by excluding as unfairly prejudicial evidence of truck driver's elevated blood alcohol level at time of accident where there was no evidence that there was anything unusual about driver's operation of his vehicle before accident.)

Allowing the evidence will prolong this trial and waste the valuable time and resources of the Court and all other participants, while adding absolutely nothing significant or valuable to the evidence.

## II.

## CONCLUSION

Based on the above, it is respectfully requested that the Court exclude any and all evidence, testimony, references to testimony/evidence or argument, relating to decedent's drug/alcohol use.

Dated: June 23, 2009

LAW OFFICES OF GREGORY A. YATES, P.C.

_____
GREGORY A. YATES
Co-Counsel for Plaintiffs,
TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

Dated: June 26, 2009

LAW OFFICES OF KIM SCOVIS

_____
JENNY SCOVIS
Counsel for Plaintiff,
MARIA LAZOS, individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.