1  **LAW OFFICES OF GREGORY A. YATES, P.C.**
   16830 Ventura Blvd., # 250
2  Encino, California 91436
   TEL. (310) 858-6944; FAX. (818) 905-7038
3
   **DANIEL C. MORGAN & ASSOC.**
4  5851 Thille Street, Suite 103
   Ventura, California 93003
5  TEL: (805) 815-4610; FAX: (805) 800-1880

6  Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 MARIA LAZOS, et al,                )   Case No. CV 08-02987 RGK (SHx)
                                      )
12              Plaintiff,            )
                                      )   PLAINTIFFS' MOTION IN LIMINE
13 vs.                                )   NO. 4 TO EXCLUDE ANY MENTION
                                      )   OF A SYRINGE FOUND IN
14 CITY OF OXNARD, et al,             )   DECEDENT'S CLOTHES
                                      )
15              Defendants.           )   Date: August 11, 2009
   _____)   Time: 9:00 a.m.
16 TOMAS BARRERA, SR.                 )   Courtroom: 850
                                      )
17              Plaintiff,            )
                                      )
18 vs.                                )
                                      )
19 CITY OF OXNARD, et al,             )
                                      )
20              Defendants.           )
   _____)
21

22         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23         Plaintiffs, MARIA LAZOS and TOMAS BARRERA, SR., individually and as

24 representatives of the ESTATE OF TOMAS BARRERA, hereby move this Court for

25 an order excluding any and all evidence, testimony, references to testimony/evidence

26 or argument, relating to a syringe found in decedent's clothes after he was shot.

27         This motion is made under Fed. R. Ev. 401, 402 and 403, and is based upon the

28 ground that the evidence is irrelevant and that its probative value is substantially

---
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SYRINGE

outweighed by the danger of undue prejudice to Plaintiff.

This motion is further based on the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action and upon such of argument and evidence as may be presented prior to or at the hearing of this motion.

Dated: June 23, 2009     LAW OFFICES OF GREGORY A. YATES, P.C.

GREGORY A. YATES
Co-Counsel for Plaintiffs,
TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

Dated: June 26, 2009     LAW OFFICES OF KIM SCOVIS

JENNY SCOVIS
Counsel for Plaintiff,
MARIA LAZOS, individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## EVIDENCE OF THE SYRINGE FOUND IN DECEDENT'S CLOTHES SHOULD BE EXCLUDED AS BEING NOT RELEVANT AND HIGHLY PREJUDICIAL

There is no evidence to suggest that the decedent was under the influence prior to being shot. More importantly, there is no evidence that drug use was a factor in the decision to shoot decedent. Admitting evidence of a syringe found in decedent's clothes will not prove or disprove any fact necessary to this action and will add absolutely nothing significant or valuable to the evidence. F.R.E. 401 and 402.

While admitting such evidence has no probative value, it would be highly prejudicial, as it would depict decedent as a drug user and will arouse the jury's prejudice, hostility and antipathy. *See* United States v. Blackstone, 56 F.3d 1143, 1145-46 (9th Cir. 1995) (trial court abused its discretion by admitting evidence of narcotics recipes that were found in the defendant's vehicle and expert testimony regarding drug-trafficking, because, to the extent that the evidence was relevant, it was unfairly prejudicial and highly inflammatory); Lucero v. Donovan, 354 F.2d 16, 22 (9th Cir.1965 (trial court erred by admitting expert testimony that plaintiff was a narcotics user based upon a scar on her arm, because the evidence was not proper for impeachment and was irrelevant and prejudicial).

Allowing the evidence will prolong this trial and waste the valuable time and resources of the Court and all other participants, while adding absolutely nothing significant or valuable to the evidence.

///
///
///
///
///

## II.

## CONCLUSION

Based on the above, it is respectfully requested that the Court exclude any and all evidence, testimony, references to testimony/evidence or argument, relating to a syringe found in decedent's clothes.

Dated: June 23, 2009         LAW OFFICES OF GREGORY A. YATES, P.C.

                             _____
                             GREGORY A. YATES
                             Co-Counsel for Plaintiffs,
                             TOMAS BARRERA, SR., individually and as a
                             Personal Representative of THE ESTATE OF
                             TOMAS BARRERA, JR.

Dated: June 26, 2009         LAW OFFICES OF KIM SCOVIS

                             _____
                             JENNY SCOVIS
                             Counsel for Plaintiff,
                             MARIA LAZOS, individually and as a Personal
                             Representative of THE ESTATE OF TOMAS
                             BARRERA, JR.