**LAW OFFICES OF GREGORY A. YATES, P.C.**
16830 Ventura Blvd., # 250
Encino, California 91436
TEL. (310) 858-6944; FAX. (818) 905-7038

**DANIEL C. MORGAN & ASSOC.**
5851 Thille Street, Suite 103
Ventura, California 93003
TEL: (805) 815-4610; FAX: (805) 800-1880

Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAZOS, et al, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OXNARD, et al, <br><br> Defendants. <br><br> TOMAS BARRERA, SR. <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OXNARD, et al, <br><br> Defendants. | Case No. CV 08-02987 RGK (SHx) <br><br> PLAINTIFFS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF DECEDENT'S PRIOR INCARCERATION |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs, MARIA LAZOS and TOMAS BARRERA, SR., individually and as representatives of the ESTATE OF TOMAS BARRERA, hereby move this Court for an order excluding any and all evidence, testimony, references to testimony/evidence or argument, relating to decedent's incarceration prior to the incident, other than to state the offenses and time frame.

This motion is made under Fed. R. Ev. 401, 402 and 403, and is based upon the

ground that the evidence is irrelevant and that its probative value is substantially outweighed by the danger of undue prejudice to Plaintiffs.

This motion is further based on the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action and upon such of argument and evidence as may be presented prior to or at the hearing of this motion.

Dated: June 25 2009

LAW OFFICES OF GREGORY A. YATES, P.C.

_____
GREGORY A. YATES
Co-Counsel for Plaintiffs,
TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

Dated: June 26 2009

LAW OFFICES OF KIM SCOVIS

_____
JENNY SCOVIS
Counsel for Plaintiff,
MARIA LAZOS, individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**THE COURT SHOULD EXCLUDE ANY EVIDENCE OF DECEDENT'S INCARCERATION, OTHER THAN TO STATE THE OFFENSES AND TIME FRAME, AS BEING NOT RELEVANT AND HIGHLY PREJUDICIAL**

While the type of offenses and time frame in which decedent had been incarcerated might be relevant to the issue of damages, any other issue pertaining to decedent's incarceration will prove or disprove no issue in this action, and has no probative value. Therefore, such evidence should be excluded. *See* United Satates v. Bejar-Matrecois, 618 F.2d 81, 84 (9th Cir.1980) (trial court erred by admitting evidence of a prior conviction of the defendant, because to the extent that the evidence was relevant, it was outweighed by its unfairly prejudicial and cumulative nature.) While admitting such evidence has no probative value, it would be highly prejudicial to Plaintiffs, as it would depict decedent as a criminal and will arouse the jury's prejudice, hostility and antipathy.

At the time he pursued decedent, Salinas was not aware of decedent's identity and his criminal background. Since Salinas' state of mind is what relevant to determining the reasonableness of his conduct, decedent's criminal background, which was unknown to Salinas at the time he shot decedent, is irrelevant and has no probative value to this case.

If decedent is depicted as having criminal background, the jury might tend to make their determination on an improper basis, and conclude that officer Salinas was reasonable in shooting decedent only because he had a criminal record.

**II.**

**CONCLUSION**

Based on the above, it is respectfully requested that the Court exclude any and all evidence, testimony, references to testimony/evidence or argument, relating to relating to decedent's incarceration prior to the incident, other than to state the

---
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF INCARCERATION
-3-

1  offenses and time frame.

2  Dated: June 23, 2009          LAW OFFICES OF GREGORY A. YATES, P.C.

3

4

5                                *(signature)*
                                  GREGORY A. YATES
6                                 Co-Counsel for Plaintiffs,
                                  TOMAS BARRERA, SR., individually and as a
7                                 Personal Representative of THE ESTATE OF
                                  TOMAS BARRERA, JR.
8

9  Dated: June 26, 2009          LAW OFFICES OF KIM SCOVIS

10

11                               *(signature)*
                                  JENNY SCOVIS
12                                Counsel for Plaintiff,
                                  MARIA LAZOS, individually and as a Personal
13                                Representative of THE ESTATE OF TOMAS
                                  BARRERA, JR.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION IN LIMINE TO EXCLUDE EVIDENCE OF INCARCERATION
-4-