**LAW OFFICES OF GREGORY A. YATES, P.C.**
16830 Ventura Blvd., # 250
Encino, California 91436
TEL. (310) 858-6944; FAX. (818) 905-7038

**DANIEL C. MORGAN & ASSOC.**
5851 Thille Street, Suite 103
Ventura, California 93003
TEL: (805) 815-4610; FAX: (805) 800-1880

Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAZOS, et al,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF OXNARD, et al,<br><br>          Defendants.<br>───────────────────<br>TOMAS BARRERA, SR.<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF OXNARD, et al,<br><br>          Defendants. | Case No. CV 08-02987 RGK (SHx)<br><br>PLAINTIFFS' MOTION IN LIMINE NO. 11 TO EXCLUDE IMPROPER EXPERT OPINIONS<br><br>Date: August 11, 2009<br>Time: 9:00 a.m.<br>Courtroom: 850 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs, MARIA LAZOS and TOMAS BARRERA, SR., individually and as representatives of the ESTATE OF TOMAS BARRERA, hereby move this Court for an order excluding Defendants' expert from offering improper expert opinions. This motion is made under Fed. R. Ev. 401, 402, 403 and 703, and is further based on the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action and upon such of argument and evidence as may be presented prior to or

1 at the hearing of this motion.
2
3 Dated: June 23, 2009        LAW OFFICES OF GREGORY A. YATES, P.C.
4
5                             _____
                              GREGORY A. YATES
6                             Co-Counsel for Plaintiffs,
                              TOMAS BARRERA, SR., individually and as a
7                             Personal Representative of THE ESTATE OF
                              TOMAS BARRERA, JR.
8
9 Dated: June 26, 2009        LAW OFFICES OF JENNY SCOVIS
10
11                            _____
                              JENNY SCOVIS
12                            Counsel for Plaintiff,
                              MARIA LAZOS, individually and as a Personal
13                            Representative of THE ESTATE OF TOMAS
                              BARRERA, JR.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE COURT MAY EXCLUDE AN EXPERT'S OPINION WHERE BASED UPON SPECULATION, CONJECTURE AND/OR IMPROPER MATTERS

F.R.E. 702 limits an expert opinion to those subjects that are beyond the competence of persons of common experience, training and education. *See* Beech v. Aircraft Corp. V. U.S., 51 F.3d 834, 841-42 (9th Cir. 1995) (trial court had discretion to exclude an expert opinion regarding what was contained on an inaudible tape recording, because the subject matter was not beyond the expertise of the jury); U.S. v. Langford, 802 F.2d 1176, 1179-90 (9th Cir. 1986) (trial court did not abuse its discretion by excluding proposed expert testimony regarding the reliability of eyewitnesses, on the basis that the opinion would not assist the jury.) As a general principle, expert opinions may be excluded where based on improper matter and are not shown to be reliable. Daubert v. Merrel Dow Pharm., Inc., 509 U.S. 579, 589-90 (1993) (trial court faced with proposed scientific testimony or evidence must ensure that the evidence is relevant and reliable.) An expert may not base his or her opinion on speculation or conjecture. *See* Cabrera v. Cordis Corp., 134 F.3d 1418, 1422-23 (9th Cir. 1998) (experts were properly excluded as unreliable when their opinions represented unsupported and untested conclusions); Gray v. Shell Oil Co., 469, F.2d 742, 749-50 (9th Cir. 1972 (expert's opinion that was speculative and not supported by the evidence, was properly excluded.) Furthermore, expert opinions that are based upon inadmissible hearsay may be excluded.

The following opinions of Defendants' experts, Dr. Lewinski and Jared Zwickey, as expressed in their expert reports attached hereto as **Exhibits "A"** and **"B,"** are based on speculation, conjecture and improper matters, and should therefore be excluded.

///

///

A. DR. LEWINSKI'S PROFFERED TESTIMONY

Pg. 4, top paragraph ("[t]he bullet path pattern is consistent with Mr. Barrera turning through the plane of gunfire as was described by Officer Salinas") - Dr. Lewinski is making a credibility determination and is evading the province of the jury.

Pp. 4-5, opinions nos. 1, 2, 3, 6 and 7 are based on "our research" and "other sources" and "the research of others" and are, therefore, based on speculation and conjecture, inadmissible hearsay and are unreliable to the extent they are premised upon studies conducted by others.

Pp. 4-5, opinions nos. 4, 5, 6, 7 and 8 - these opinions are all based on speculation, conjecture and unreliable studies, as far as Dr. Lewinski's studies on "turning subject" have not been proven to be reliable.

Pg. 5, opinion 8 ("Mr. Barrera, who had a knife in his right hand, apparently released the knife as he was turning and being shot by Sgt. Salinas") is speculative, and invades the province of the jury. To the extent Dr. Lewinski is making a factual determination, is opinion is improper. It is for the jury, and not for Dr. Lewinski, to make credibility determinations and to decide which set of facts it believes.

B. JARED L. ZWICKEY PROFFERED TESTIMONY

All of Mr. Zwickey's opinions are improper since they are all based on credibility determinations, taking into account only Salinas' version of the events, and not even considering Plaintiffs' version. Mr. Zwickey proffered testimony invades the province of the jury and should be excluded *in its entirety*.

Furthermore, the following opinions are improper for the reason stated herein below:

///

Pg. 6, 1st paragraph - by assuming the facts and circumstances "as presented by Sergeant Salinas and the witnesses are correct," and by basing his opinions "only on the police version of the facts," Mr. Zwickey invades the province of the jury. It is for the jury, and not for Mr. Zwickey, to make credibility determinations and to decide which set of facts it believes.

Pg. 6, paragraph under "Facts and Circumstances" - the opinion invades the province of the jury as far as it is based only on Defendants', and not Plaintiff's version. Mr. Zwickey's opinion that Salinas' conduct was reasonable under the circumstances is improper, unless it is based on facts and circumstances that are introduced into evidence.

Pg. 8, 3rd paragraph (in my professional opinion there was sufficient probable cause...) - whether or not there was probable cause to believe that Tomas Barrera was committing a felony is for the jury and the court to decide, and not a matter of expert opinion.

Pg. 9, 1st paragraph under "Opinion" - whether or not Mr. Barrera knew or should have known he was being pursued by an officer is for the jury to decide, and should not be thje subject of expert opinion. Further, by opining that Mr. Barrera had a duty to refrain from using a weapon, Mr. Zwickey implies wrongly that he had a weapon and invades the province of the jury. His opinion that Mr. Barrera "had a duty to refrain from using force or any weapon..." invades the province of the jury and the court.

Pg. 10, 1st paragraph under "Opinion" - Mr. Zwickey invades the province of the jury by concluding that Salinas responded "appropriately." His opinion is further based on Salinas' version only, and is thus speculative and improper as it invades the province of the jury as to Salinas' credibility.

Pg. 11, 2nd paragraph ("Mr. Barrera knew that he was going to assault Sergeant Salinas") is speculative, invades into the province of the jury.

Pg. 11, 3rd paragraph ("Mr. Barrera committed battery against the sergeant") invades the province of the jury and the court - "when he threw an Allen-wrench at him and then displayed a knife" - speculative, invades the province of the jury - "and assaulted the sergeant" - speculative, invades the province of the jury and the court. "There is no doubt in my professional opinion that the intent of this assault was to cause Sergeant Salinas serious bodily injury or death" - invades the province of the jury, not the proper subject of expert opinion.

Pg. 11, 5th paragraph ("Mr. Barrera armed himself with a fixed bladed knife") invades the province of the jury. The last paragraph ("The cutting power of a ... knife, similar to the weapon used by Mr. Barrera to assault Sergeant Salinas") invades the province of the jury as to whether or not Mr. Barrera had a knife and as to whether or not he assaulted Salinas.

Pg. 12, 1st and 2nd opinions ("Mr. Barrera was in control of the situation and could have ended the foot chase at any time if he had stopped and submitted to arrest"; "Mr. Barrera's reckless conduct illustrates how desperate he was to avoid arrest, even if it meant injuring or killing a peace officer") are speculative and invade the province of the jury. The 3rd opinion (Barrera's actions constituted a criminal assault with a deadly weapon, which put Salinas at serious risk of serious bodily injury) invades the province of the court and jury. The 4th opinion (Salinas reasonably believed that his life was in immediate jeopardy; Barrera left Salinas with no other reasonable alternative but to use deadly force) invades the province of the jury. Last opinion (any reasonable officer faced with the same similar facts would have reasonably believed the use of deadly force was reasonable) invades the province of the jury and is based on improper matter as far as it is based on Salinas'

version only and does not take into account Plaintiffs' version.

Pg. 14, under "opinion" (the use of force was in accordance with Salinas' department policy and training etc' and state and federal statutes and case law) invades the province of the jury and the court. 5th paragraph (the attempt to pursue and arrest Barrera was reasonable and the use of force was reasonably necessary) invades the province of the jury. His statement that "government officials are not required to err on the side of caution" invades the province of the jury and court, and misstates the law on used of deadly force, which is governed by the reasonableness standard. 6th paragraph (if an officer is threatened with great bodily injury or death with a weapon, as was Salinas) invades the province of the jury as to whether or not Salinas was indeed so threatened. The opinion that Salinas "reasonably believed" that he had to use deadly force to stop Barrera invades the province of the jury. The last paragraph in its entirety ("the reasonableness inquiry in an excessive force claim is an objective one...") invades the province of the court. It is for the court, and for experts, to instruct the jury on how to decide excessive force cases.

Pg. 16, 4th paragraph (Mr. Barrera should have reasonably known he was resisting a peace officer and that he had a legal obligation to comply with his orders) invades the province of the jury and further constitutes credibility determination as far as Salinas' version that he ordered Barrera to stop contradicts the witnesses' version that no orders/warnings were given prior to the shooting.

Pg. 16, paragraph under "Opinion" (Barrera was under the influence of a dangerous and restricted drug") - invades the province of the jury based on improper matter since there is no evidence that suggests Barrera was under the influence of any drugs. Further, Mr. Zwickey is a police practice consultant and is not qualified to

MOTION IN LIMINE TO EXCLUDE IMPROPER EXPERT OPINIONS
- 7 -

render opinions on the affects of drugs and the state of mind of a person under the influence.

Pg. 16, last paragraph - Mr. Zwickey is a police practice consultant and is not qualified to interpret the toxicology reports.

Pg. 17, entire page - Mr. Zwickey is a police practice consultant and is not qualified to render opinions on the affects of drugs on human behavior.

Pg. 18, paragraph under "opinions" (the amount and type of force used by Salinas was reasonable) invades the province of the jury and is further improper opinion as far as it is based on Salinas' version of the events only and does not take into account Plaintiff's version.

Pg. 18, 2nd paragraph (Salinas used only the amount and type of force allowed by the Oxnard PD) invades the province of the court. Excessive force cases are judged by "reasonableness" standard and not by the standards allowed by the OPD.

Pg. 18, 3nd paragraph (there is no requirement for law enforcement officers to use all feasible alternatives to avoid a situation where deadly force can justifiably be used) invades the province of the court.

Pg. 18, 4th paragraph (there are cases which support the assertion that where deadly force is otherwise justified there is no constitutional duty to use non-deadly force) invades the province of the court. His opinion that "the use if deadly force by Sergeant Salinas... under the facts and circumstances presented in this matter, was reasonable and necessary" invades the province of the jury and is further based on improper matter as far as it is only based on facts as circumstances presented by the Defendants (based on Mr. Zwickey's statement in the beginning of his report that his

opinions are based only on the police version of the facts).

Pg. 18, 5th paragraph (it was reasonable for Salinas to discharge his weapon when Barrera's level of resistence elevated from resistive to a violent life-threatening resisting) invades the province of the jury. His opinion that "[w]hen a higher degree of risk to a peace officer or to the public exists, a greater use of force is justified" invades the province of the court and misstates the law.

Pg. 19, 1st paragraph (while it makes since for criminal law purposes to consider whether the criminal uses the force with the purpose of causing death or serious bodily injury, the question is whether the officers actions are objectively reasonable) - invades the province of the court.

Pg. 19, 2nd paragraph (Salinas reasonably believed that Barrera intended to inflict great bodily injury or death; the perceived threat was imminent; having reason to believe his life was in immediate danger; Salinas fired his weapon to stop the threat; when the threat was diminshied Salinas stopped shooting) is speculative, constitute credibility determination and invades the province of the jury.

Pg. 19, 3rd paragraph (when Barrera fell to the ground Salinas heard what he thought was the fixed bladed knife) is speculative, constitute credibility determination and invades the province of the jury and is not the proper subject of expert opinion.

Pg. 19, 4th paragraph (55 seconds after Salinas made a radio transmission that he was going to investigate a suspicious circumstance, he contacted the police dispatcher to notify he was involved in a shooting; the dispatcher immediately broadcasted the information and notified medical emergency personnel) is speculative, constitute credibility determination and invades the province of the jury and is not the proper subject of expert opinion.

Pg. 19, 5th paragraph (when Barrera fell to the ground Salinas handcuffed him; while he was handcuffing him Mora and Purnell arrived) is speculative, constitute credibility determination and invades the province of the jury and is not the proper subject of expert opinion.

Pg. 19, 6th paragraph (Ventura County Criminalistic Laboratory reported that Barrera's DNA was found on the knife; the evidence clearly shows that Barerra was the sole person in possession of the knife) is speculative, constitute credibility determination and invades the province of the jury and is not the proper subject of expert opinion. It further invades the province of the court on which evidence to admit.

Pg. 19, 7th paragraph - what Barrera say or did not say, and what witnesses overheard him say or not say, invades the province of the jury and is not the proper subject of expert opinion.

Pg. 20 - entire page - as a police practice expert, Mr. Zwiekey is not qualified to render such opinions. Further, in as far as his opinion is based on research and seminars conducted by others, it is based on hearsay and is unreliable.

## II.

## CONCLUSION

Based on the above, it is respectfully requested that the Court exclude Defendants' expert from offering the above stated improper expert opinions.

In the alternative, it is respectfully requested that the Court conduct a hearing outside the presence of the jury, pursuant to F.R.E. 103 and 104 to determine admissibility of the experts' testimony.

Case 2:08-cv-02987-RGK-SH   Document 63   Filed 06/26/09   Page 11 of 11

1

2  Dated: June 23, 2009        LAW OFFICES OF GREGORY A. YATES, P.C.

3

4                                            _____
                                              GREGORY A. YATES
5                                             Co-Counsel for Plaintiffs,
                                              TOMAS BARRERA, SR., individually and as a
6                                             Personal Representative of THE ESTATE OF
                                              TOMAS BARRERA, JR.
7

8  Dated: June 26, 2009        LAW OFFICES OF JENNY SCOVIS

9
                                              _____
10                                            JENNY SCOVIS
                                              Counsel for Plaintiff,
11                                            MARIA LAZOS, individually and as a Personal
                                              Representative of THE ESTATE OF TOMAS
                                              BARRERA, JR.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION IN LIMINE TO EXCLUDE IMPROPER EXPERT OPINIONS
- 11 -