```
Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF OXNARD,
OXNARD POLICE DEPARTMENT, JOHN CROMBACH,
and ANDREW SALINAS
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA LAZOS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF OXNARD, et al., ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> AND CONSOLIDATED ACTION. ) <br> _____ ) | No. CV 08-02987 RGK (SHx) <br><br> [consolidated w/ <br> No. CV 08-05153 RGK (SH)] <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1; DECLARATION OF DEFENSE COUNSEL** <br><br> Date : August 11, 2009 <br> Time : 9:00 a.m. <br> Ctrm : 850 Roybal |

Defendants hereby oppose plaintiffs' Motion in Limine No. 1 regarding exclusion of evidence of decedent's criminal background.

**I.**

**PLAINTIFFS FAILED TO TIMELY MEET AND CONFER AS REQUIRED BY LOCAL RULE 7-3**

Plaintiffs failed to timely meet and confer. Pursuant to Local Rule 7-3, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly the substance of the contemplated motion at least twenty (20) days prior to the filing of the motion. Pursuant to the Court's

1

standing orders, motions in limine are to be filed and served a minimum of forty-five (45) days prior to the scheduled trial date of August 11, 2009, which is June 27, 2009. Since June 27 is a Saturday, the motion is to be filed by June 26. Based upon a June 26 filing date, any meet and confer effort would have to be completed by June 6, 2009 (twenty days prior). Plaintiffs did not attempt to meet and confer by identifying the anticipated motions in limine until June 11, 2009 (Exhibit A). The Court should note that plaintiffs' motion fails to include the requisite language of L.R. 7-3, advising the Court of the date of the meet and confer, obviously because it was untimely. As such, because the motion is untimely, it should not be considered by the Court.

## II.

### CONTRARY TO PLAINTIFFS' CONTENTION, THE EVIDENCE IS RELEVANT AND THEREFORE ADMISSIBLE

Evidence pertaining to the decedent's criminal history is relevant to the issue of damages. Plaintiffs are seeking to recover damages for the death of their son. Because 42 U.S.C. §1983 is silent with regard to damages, damages are to be determined in accordance with principles of torts. *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986). Plaintiffs are seeking an award for survivors' losses of support, society, and companionship, among other damages.

The evidence of decedent's recent criminal history is directly relevant, material, and admissible as relating to and affecting the amount of the pecuniary loss, if any, suffered by the plaintiff parents because of their son's death. The nature of decedent's criminal background, the number of convictions, and the number of

1  felony strikes all go to the issue of damages.  They are an
2  indicator of how productive the decedent was, the likelihood of his
3  becoming a productive member of society, and evidence of the nature
4  of the relationship the decedent had with the plaintiffs.
5       The evidence, although harmful to plaintiffs' case, is not
6  unfairly prejudicial.  The probative value of the evidence far
7  exceeds any prejudicial effect on plaintiffs' case.  To omit the
8  evidence would be highly prejudicial to the defense.

        Dated:  July ____, 2009

                                LAW OFFICES OF ALAN E. WISOTSKY


                                By:_____
                                    DIRK DeGENNA
                                    Attorneys for Defendants,
                                    CITY OF OXNARD, OXNARD POLICE
                                    DEPARTMENT, JOHN CROMBACH, and
                                    ANDREW SALINAS

**DECLARATION OF DIRK DEGENNA**

I, Dirk DeGenna, declare as follows:

1. I am an attorney admitted to practice law before all the courts of the State of California and the United States District Court, Central District of California, and am an associate in the Law Offices of Alan E. Wisotsky, attorneys of record for defendants in this action. I make this declaration of my own personal knowledge, except as to the information declared on information and belief, and if called upon to testify, I could and would do so competently.

2. Plaintiffs' counsel did not make an effort to meet and confer regarding potential motions in limine until June 11, 2009, when by way of correspondence dated that same day, plaintiffs' counsel identified 23 anticipated motions in limine.

3. Attached hereto as Exhibit A is a true and correct copy of the June 11, 2009, correspondence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July ____, 2009, at Oxnard, California.

_____
DIRK DEGENNA