Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF OXNARD,
OXNARD POLICE DEPARTMENT, JOHN CROMBACH,
and ANDREW SALINAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA LAZOS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF OXNARD, et al.,<br><br>　　　　Defendants.<br><br>AND CONSOLIDATED ACTION. | No. CV 08-02987 RGK (SHx)<br><br>[consolidated w/<br>No. CV 08-05153 RGK (SH)]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 8; DECLARATION OF DEFENSE COUNSEL**<br><br>Date : August 11, 2009<br>Time : 9:00 a.m.<br>Ctrm : 850 Roybal |

　　Defendants hereby oppose plaintiffs' Motion in Limine No. 8 regarding prohibiting reference to the decedent as a "suspect" or a "defendant" in a criminal context.

**I.**

**PLAINTIFFS FAILED TO TIMELY MEET AND CONFER AS**

**REQUIRED BY LOCAL RULE 7-3**

　　Plaintiffs failed to timely meet and confer.  Pursuant to Local Rule 7-3, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly the substance of the contemplated motion at least twenty (20) days

1

prior to the filing of the motion.  Pursuant to the Court's standing orders, motions in limine are to be filed and served a minimum of forty-five (45) days prior to the scheduled trial date of August 11, 2009, which is June 27, 2009.  Since June 27 is a Saturday, the motion is to be filed by June 26.  Based upon a June 26 filing date, any meet and confer effort would have to be completed by June 6, 2009 (twenty days prior).  Plaintiffs did not attempt to meet and confer by identifying the anticipated motions in limine until June 11, 2009 (Exhibit A).  The Court should note that plaintiffs' motion fails to include the requisite language of L.R. 7-3, advising the Court of the date of the meet and confer, obviously because it was untimely.  As such, because the motion is untimely, it should not be considered by the Court.

## II.

### CONTRARY TO PLAINTIFFS' CONTENTION, REFERENCE TO DECEDENT AS A SUSPECT IS NOT IRRELEVANT AND/OR PREJUDICIAL

As to the issue of referring to decedent as a "suspect," plaintiffs' motion is baseless.  The fact of the matter is that a "suspect" is exactly what the decedent was and the reason for the contact between he and Andrew Salinas on the night of the incident. As Sgt. Salinas drove down 5th Street, he observed what he believed to be suspicious circumstances and reported the situation to police dispatch.  When Sgt. Salinas confronted the decedent, the decedent fled and was considered a suspected burglar.  Reference to the decedent as a suspect is not prejudicial, no more so than explaining to the jury the scene of the suspected burglary, the circumstances of the contact, the foot pursuit, or the assault upon

Sgt. Salinas.  All of these facts clearly imply that the decedent was a criminal suspect.  There is absolutely no undue prejudice to plaintiffs by allowing reference to the decedent as a "suspect."

For the foregoing reasons, it is respectfully requested that the Court deny plaintiffs' Motion in Limine No. 8.

Dated: July ____, 2009

        LAW OFFICES OF ALAN E. WISOTSKY

        By:_____
          DIRK DeGENNA
          Attorneys for Defendants,
          CITY OF OXNARD, OXNARD POLICE
          DEPARTMENT, JOHN CROMBACH, and
          ANDREW SALINAS

3

**DECLARATION OF DIRK DEGENNA**

I, Dirk DeGenna, declare as follows:

1. I am an attorney admitted to practice law before all the courts of the State of California and the United States District Court, Central District of California, and am an associate in the Law Offices of Alan E. Wisotsky, attorneys of record for defendants in this action. I make this declaration of my own personal knowledge, except as to the information declared on information and belief, and if called upon to testify, I could and would do so competently.

2. Plaintiffs' counsel did not make an effort to meet and confer regarding potential motions in limine until June 11, 2009, when by way of correspondence dated that same day, plaintiffs' counsel identified 23 anticipated motions in limine.

3. Attached hereto as Exhibit A is a true and correct copy of the June 11, 2009, correspondence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July ____, 2009, at Oxnard, California.

                                                     DIRK DEGENNA