Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF OXNARD,
OXNARD POLICE DEPARTMENT, JOHN CROMBACH,
and ANDREW SALINAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAZOS, et al., <br>     Plaintiffs, <br>   v. <br> CITY OF OXNARD, et al., <br>     Defendants. <br><br> AND CONSOLIDATED ACTION. | No. CV 08-02987 RGK (SHx) <br> [consolidated w/ <br> No. CV 08-05153 RGK (SH)] <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 9; DECLARATION OF DEFENSE COUNSEL** <br><br> Date : August 11, 2009 <br> Time : 9:00 a.m. <br> Ctrm : 850 Roybal |

    Defendants hereby oppose plaintiffs' Motion in Limine No. 9 regarding exclusion of any and all forensic evidence.

**I.**

**PLAINTIFFS FAILED TO TIMELY MEET AND CONFER AS REQUIRED BY LOCAL RULE 7-3**

    Plaintiffs failed to timely meet and confer.  Pursuant to Local Rule 7-3, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly the substance of the contemplated motion at least twenty (20) days prior to the filing of the motion.  Pursuant to the Court's

1

1 standing orders, motions in limine are to be filed and served a
2 minimum of forty-five (45) days prior to the scheduled trial date
3 of August 11, 2009, which is June 27, 2009.  Since June 27 is a
4 Saturday, the motion is to be filed by June 26.  Based upon a
5 June 26 filing date, any meet and confer effort would have to be
6 completed by June 6, 2009 (twenty days prior).  Plaintiffs did not
7 attempt to meet and confer by identifying the anticipated motions
8 in limine until June 11, 2009 (Exhibit A).  The Court should note
9 that plaintiffs' motion fails to include the requisite language of
10 L.R. 7-3, advising the Court of the date of the meet and confer,
11 obviously because it was untimely.  As such, because the motion is
12 untimely, it should not be considered by the Court.

**II.**

**NO EVIDENCE OF BAD FAITH TO WARRANT SANCTIONS**

15     Plaintiffs improperly contend that evidence was consumed and/
16 or destroyed in bad faith and that any evidence pertaining to the
17 forensic studies should be excluded.
18     Defendants utilize an outside agency, the Ventura County
19 Sheriff's Department, to perform forensic studies.  The evidence
20 that was the subject of DNA analysis was delivered to the Ventura
21 County Sheriff's Department for testing on October 12, 2007, nine
22 days after the incident. (See Exhibit 5 to plaintiffs' motion,
23 bottom left corner, indicating date Ventura County Sheriff's
24 Department took possession of evidence.)  Plaintiffs' correspon-
25 dence was not sent until long after the evidence was sent away for
26 testing.  Plaintiffs have provided no evidence of when the actual
27 testing was performed or when the samples were consumed.  All that
28 plaintiffs reference are the dates the reports were prepared.

There is no evidence of bad faith on the part of defendants which would warrant any sanctions. Plaintiffs have not shown any bad faith in sending the evidence to the Ventura County Sheriff's Department for testing. Nothing in the record indicates that the Ventura County Sheriff's Department's Forensic Science Laboratory's consumption of the samples was done with the intent of covering up information or at the instruction of defendants.

## III.

### PLAINTIFFS' MOTION IS TOO VAGUE AND OVERBROAD

Plaintiffs' motion in limine to exclude any and/or all forensic evidence is too vague and overbroad. Plaintiffs' motion lists ten items plus "all other evidence." Plaintiffs claim that they were denied an opportunity to examine and test the evidence; however, they never made a request to do so. Plaintiffs' motion is merely an effort to exclude relevant evidence which they never truly made an effort to examine. Their motion does not set forth what evidence is pertinent to this case, what specific results linked decedent to the scene, or what they seek to exclude. The motion is a shotgun approach to excluding evidence. As such, the defense will go through item by item for the Court and show that the evidence could have been examined by plaintiffs' experts, had they truly desired.

Topics 1 and 2 in plaintiffs' motion are the fixed-blade knife and the folding knife. The evidence demonstrated that the folding knife found in the vehicle the decedent was believed to have been burglarizing and the fixed-blade knife found at the scene of the shooting contained decedent's DNA. The knives are still in evidence; they have not been destroyed and could have been

3

re-swabbed, then tested by plaintiffs' experts had they made a request, which they did not. The folding knife had a trace of blood on the blade, of which a portion was swabbed. (See Exhibit 2 of plaintiffs' motion, page 1 of 4, Item 6A.) Had plaintiffs desired, they could have tested the remaining portion.

Topic 3 is the DNA samples from the truck. Ten items associated with this topic were sent to the forensic lab. (See Exhibit 2 of plaintiffs' motion, pages 1 of 4 and 2 of 4, items 9 - 9J.) Many of these items were not even examined, as indicated in the report. For two of the items, although the swabs were consumed, according to the report, the extracted DNA obtained from the swabs still exists and could have been tested had plaintiffs desired. Only two items tested contained DNA, and the testing revealed that the decedent was not a contributor. Why plaintiffs address this item in their motion is unclear, except it demonstrates their shotgun approach to the motion in limine to exclude all evidence that is potentially harmful to their case.

Topics 4 and 5 are a piece of metal (possible tip of knife) and one metal part (possible knife blade). (See Exhibit 2 of plaintiffs' motion, page 2 of 4, items 10, 11, and 11A.) Item 10 was not analyzed for DNA, and the swab of Item 11 was not tested because of insufficient DNA. Once again one must ask, why did plaintiffs address this issue in the motion?

Topic 6 is the syringe found in decedent's pocket. The item was not sent to the Ventura County Sheriff's Department's Forensic Science Laboratory, let alone had DNA testing performed upon it.

Topic 7 is a swab from the chisel. (See Exhibit 2 of plaintiffs' motion, page 2 of 4, Item 14.) The evidence demonstrated

that the chisel found in the vehicle the decedent was believed to have been burglarizing contained decedent's DNA.  The chisel is still in evidence, it has not been destroyed, and it could have been re-swabbed, then tested by plaintiffs' experts, had they made a request, which they did not.  Although the swab was consumed, according to the report, the extracted DNA obtained from the swab still exists and could have been tested, had plaintiffs desired.

Topic 8 is a swab from a possible knife blade and a swab from miscellaneous metal parts.  (See Exhibit 2 of plaintiffs' motion, page 2 of 4, items 13 and 15.) As clearly stated in the report, these items were not tested because of insufficient DNA.

Topics 9 and 10 are the Pittsburgh Multi Allen Wrench.  (See Exhibits 3 and 4 of plaintiffs' motion, page 1 of 4 and page 1 of 3, Item 5 in both reports.)  As for the DNA testing, had plaintiffs actually retained an expert, they would have learned that the test was hardly conclusive that decedent was a major contributor on this item.  As for the fiber analysis, there is absolutely no evidence that the fibers were destroyed and unavailable for analysis.

For the foregoing reasons, it is respectfully requested that the Court deny plaintiffs' Motion in Limine No. 9.


Dated:   July ____, 2009

                     LAW OFFICES OF ALAN E. WISOTSKY


                     By:_____
                       DIRK DeGENNA
                       Attorneys for Defendants,
                       CITY OF OXNARD, OXNARD POLICE
                       DEPARTMENT, JOHN CROMBACH, and
                       ANDREW SALINAS

**DECLARATION OF DIRK DEGENNA**

I, Dirk DeGenna, declare as follows:

1. I am an attorney admitted to practice law before all the courts of the State of California and the United States District Court, Central District of California, and am an associate in the Law Offices of Alan E. Wisotsky, attorneys of record for defendants in this action. I make this declaration of my own personal knowledge, except as to the information declared on information and belief, and if called upon to testify, I could and would do so competently.

2. Plaintiffs' counsel did not make an effort to meet and confer regarding potential motions in limine until June 11, 2009, when by way of correspondence dated that same day, plaintiffs' counsel identified 23 anticipated motions in limine.

3. Attached hereto as Exhibit A is a true and correct copy of the June 11, 2009, correspondence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July ____, 2009, at Oxnard, California.


_____
DIRK DEGENNA