Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF OXNARD,
OXNARD POLICE DEPARTMENT, JOHN CROMBACH,
and ANDREW SALINAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA LAZOS, et al., | No. CV 08-02987 RGK (SHx) |
| Plaintiffs, | [consolidated w/ No. CV 08-05153 RGK (SH)] |
| v. | |
| CITY OF OXNARD, et al., | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 10; DECLARATION OF DEFENSE COUNSEL** |
| Defendants. | |
| AND CONSOLIDATED ACTION. | Date : August 11, 2009<br>Time : 9:00 a.m.<br>Ctrm : 850 Roybal |

Defendants hereby oppose plaintiffs' Motion in Limine No. 10 regarding exclusion of evidence of decedent's prior possession of a knife.

**I.**

**PLAINTIFFS FAILED TO TIMELY MEET AND CONFER AS REQUIRED BY LOCAL RULE 7-3**

Plaintiffs failed to timely meet and confer. Pursuant to Local Rule 7-3, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly the substance of the contemplated motion at least twenty (20) days

1

1 prior to the filing of the motion.  Pursuant to the Court's
2 standing orders, motions in limine are to be filed and served a
3 minimum of forty-five (45) days prior to the scheduled trial date
4 of August 11, 2009, which is June 27, 2009.  Since June 27 is a
5 Saturday, the motion is to be filed by June 26.  Based upon a
6 June 26 filing date, any meet and confer effort would have to be
7 completed by June 6, 2009 (twenty days prior).  Plaintiffs did not
8 attempt to meet and confer by identifying the anticipated motions
9 in limine until June 11, 2009 (Exhibit A).  The Court should note
10 that plaintiffs' motion fails to include the requisite language of
11 L.R. 7-3, advising the Court of the date of the meet and confer,
12 obviously because it was untimely.  As such, because the motion is
13 untimely, it should not be considered by the Court.

**II.**

**EVIDENCE PERTAINING TO DECEDENT'S PRIOR POSSESSIONS OF A KNIFE ARE HIGHLY RELEVANT AND ADMISSIBLE**

"[E]xtrinsic offense evidence, though inadmissible to show an individual's (evil) proclivities, may properly be used at trial if it has some special relevance in establishing a disputed material issue." *United States v. Hadfield*, 918 F.2d 987, 994 (1st Cir. 1990), citing *United States v. Ingraham,* 832 F.2d 229, 231 (1st Cir. 1987), *cert. denied,* 486 U.S. 1009 (1988).

> Proof of uncharged crimes or bad acts "is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b).  Nevertheless, such other-crime evidence is admissible for any

>other relevant purpose, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," *id.*, provided that the probative value of this relevant purpose is not substantially outweighed by any unfair prejudice, *see* Fed.R.Evid. 403; *see also Huddleston v. United States,* 485 U.S. 681, 691-92, . . . (1988). Mindful of these principles, this court has long adopted an "inclusionary" approach to the admission of uncharged crime evidence, under which evidence of prior crimes, wrongs, or acts "is admissible for any purpose other than to show a defendant's criminal propensity." *United States v. Pitre,* 960 F.2d 1112, 1118-19 (2d Cir. 1992) (internal quotation marks and citation omitted); *see also United States v. Edwards,* 342 F.3d at 176; *United States v. Tubol,* 191 F.3d 88, 95 (2d Cir. 1999). Further, we accord considerable deference to a district court's decision to admit such evidence, and we will reverse only for abuse of discretion. *See United States v. Pitre,* 960 F.2d at 1119 (observing that abuse of discretion requires that "the district court acted arbitrarily and irrationally"); *United States v. Tubol,* 191 F.3d at 95.

*United States v. Paulino*, 445 F.3d 211, 221 (2d Cir. 2006).

3

Evidence pertaining to the decedent's prior possession of knives is highly relevant and admissible. Plaintiffs' theory of this case, as the defense understands it, is that decedent was not in the pickup truck allegedly burglarized, that the knife and chisel located in the pickup truck with decedent's DNA on them were planted, that decedent did not possess a knife at the time of the shooting, and that the knife found at the scene of the shooting with decedent's DNA on it was likewise planted. Plaintiff Maria Lazos denied that her son carried a knife. Decedent's history of possessing knives has "a special relevance in establishing a disputed material issue." *United States v. Hadfield*, *supra*, at 231. As such, the evidence is admissible.

The evidence, although harmful to plaintiffs' case, is not unfairly prejudicial. The probative value of the evidence far exceeds any prejudicial effect on plaintiffs' case. To omit the evidence would be highly prejudicial to the defense.

Dated: July ____, 2009

        LAW OFFICES OF ALAN E. WISOTSKY

        By:_____
          DIRK DeGENNA
          Attorneys for Defendants,
          CITY OF OXNARD, OXNARD POLICE
          DEPARTMENT, JOHN CROMBACH, and
          ANDREW SALINAS

**DECLARATION OF DIRK DEGENNA**

I, Dirk DeGenna, declare as follows:

1. I am an attorney admitted to practice law before all the courts of the State of California and the United States District Court, Central District of California, and am an associate in the Law Offices of Alan E. Wisotsky, attorneys of record for defendants in this action. I make this declaration of my own personal knowledge, except as to the information declared on information and belief, and if called upon to testify, I could and would do so competently.

2. Plaintiffs' counsel did not make an effort to meet and confer regarding potential motions in limine until June 11, 2009, when by way of correspondence dated that same day, plaintiffs' counsel identified 23 anticipated motions in limine.

3. Attached hereto as Exhibit A is a true and correct copy of the June 11, 2009, correspondence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July ____, 2009, at Oxnard, California.

                                        _____
                                        DIRK DEGENNA

5