1  **LAW OFFICES OF GREGORY A. YATES, P.C.**
   16830 Ventura Blvd., # 250
2  Encino, California 91436
   TEL. (310) 858-6944; FAX. (818) 905-7038
3
   **DANIEL C. MORGAN & ASSOC.**
4  5851 Thille Street, Suite 103
   Ventura, California 93003
5  TEL: (805) 815-4610; FAX: (805) 800-1880

6  Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal
   Representative of THE ESTATE OF TOMAS BARRERA, JR.
7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MARIA LAZOS, et al,                    )   Case No. CV 08-02987 RGK (SHx)
                                           )
12                        Plaintiff,       )
                                           )   PLAINTIFFS' OPPOSITION TO
13  vs.                                    )   DEFENDANTS' MOTION IN LIMINE
                                           )   NO. 2 TO BIFURCATE TRIAL
14  CITY OF OXNARD, et al,                 )
                                           )
15                        Defendants.      )   Date:      August 11, 2009
                                           )   Time:      9:00 a.m.
16  TOMAS BARRERA, SR.                     )   Courtroom: 850
                                           )
17                        Plaintiff,       )
                                           )
18  vs.                                    )
                                           )
19  CITY OF OXNARD, et al,                 )
                                           )
20                        Defendants.      )
                                           )
21

22          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23          Plaintiffs, MARIA LAZOS and TOMAS BARRERA, SR., individually and as

24  representatives of the ESTATE OF TOMAS BARRERA, hereby file their Opposition

25  to Defendants' Motion in Limine No. 2, to bifurcate trial.

26  ///

27  ///

28  ///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BIFURCATION IN THIS CASE IS UNWARRANTED

The Advisory Committee on Civil Rules, in commenting on the 1966 amendment to F.R.C.P. Rule 42(b), allowing bifurcation, warned against the overuse of the bifurcation procedure. The piecemeal trial of separate issues in a single suit is not to be the usual course. A court should order bifurcation only when it believes that separation will achieve the purposes of the rule. *9 Wright and Miller, Federal Practice and Procedure, sec. 2388.* A court must exercise its discretionary power under Rule 42(b) based on informed judgment; it must avoid granting bifurcation as a matter of policy. Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978), cert.den. 439 U.S. 955. The presumption is that all claims in a case will be resolved in a single trial, and it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice, that distinct causes of action asserted in the same case may be made the subject of separate, bifurcated trials. Miller v. Am. Bonding Co., 257 U.s. 304, 307, 42 S.Ct. 98 (1921).

In this case, bifurcation is unwarranted, since much of the evidence that will be introduced in the individual liability phase, will also be introduced in the *Monell* part of the case.

A local governmental entity is liable under §1983 when "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." Monell v. Department of Social Servs., 436 U.S. 658, 691; City of Canton v. Harris, 489 U.S. 378, 389. A local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights. City of Canton, *supra*, 489 U.S. at 388; Oviatt v. Pearce, 954 F.2d 1470, 1474 (C.A.9 (Or.), 1992). Under City of Canton, before a local government entity may be held liable for failing to act to preserve a constitutional right, plaintiff must demonstrate that the official

1  policy "evidences a 'deliberate indifference' " to his constitutional rights. *Id.*, at 389.
2  This occurs when the need for more or different action "is so obvious, and the
3  inadequacy [of the current procedure] so likely to result in the violation of
4  constitutional rights, that the policymakers ... can reasonably be said to have been
5  deliberately indifferent to the need." *Id.*, at 390. *See* also Oviatt v. Pearce, *supra*, 954
6  F.2d at 1477-78. Prior incidents tend to prove a pattern or custom and the accession
7  to that custom by the policymaker. Grandstaff, et al- v. City of Borger, et al (1985)
8  767 F.2d 161, 171, cited in U.S.A. v. Soyland, 3 F.3d 1312, 1318 (9th Cir. 1993);
9  Larez, et al v. City of Los Angeles, et al, 946 F.2d 630 (9th Cir. 1991). Policy, pattern
10  and practice can be inferred from prior and subsequent incidents. U.S.A. v. Soyland,
11  *supra*, 3 F.3d 1318; Oviatt v. Pearce, *supra*. Policy, pattern and practice can be
12  inferred if, following an incident, there were no reprimands, no discharges and no
13  admissions of error. Grandstaff v. City of Borger, Texas, et al, 767 F.2d 161, 171 (5th
14  Cir. 1985); McRorie v. Shimoda, 795 F.2d 780, 784 (9th Cir. 1985); Henry v. County
15  of Shasta, 132 F. 3d 512, 518 (9th Cir. 1997); Estate of Abdollahi v. County of
16  Sacramento, 405 F. Supp 2d 1194, 1211 (2005). Also see Gillette v. Delmore, 979
17  F.2d 1342, 1348 (9th Cir. 1992), cited in U.S.A. v. Soyland, *supra*, 3 F.3d 1318 ("A
18  section 1983 plaintiff may attempt to prove the existence of a custom or informal
19  policy with evidence of repeated constitutional violations for which the errant officers
20  were not discharged or reprimanded"); McRorie v. Shimoda, *supra*, 795 F.2d 780,
21  784 [custom inferred from failure to reprimand or discharge.]

22      In this case, *Monell* liability will be established, *inter alia*, by evidence of
23  repeated incidents of use of excessive force, deadly and non-deadly, *all involving*
24  *Salinas*, for which the he has never been disciplined or reprimanded. These incidents
25  are also relevant to proving Salinas' individual liability, as they show intent and plan
26  to shoot decedent. (*See* Plaintiffs' Opposition to Defendants' MIL No. 9.) This is not
27  a case where *Monell* liability is based on incident involving officers who are not
28  involved in the incident the subject of the pending action. In that type of situation,

1  bifurcation might be appropriate.  However, since in our case the incidents Plaintiffs
2  intend to introduce to prove *Monell* liability involve Salinas, bifurcation is
3  inappropriate.

4       The same facts that are used to prove up the individual liability of the
5  individual defendants in this case are the same facts that plaintiff may use to
6  demonstrate *Monell* liability for an unlawful policy or custom.  Factors of avoiding
7  prejudice, separability of the issues, convenience, judicial economy, and the risk of
8  confusion, must be considered by the court in ruling on a motion to bifurcate under
9  Rule 42(b). <u>Bates v. United Parcel Service</u>, 204 F.R.D. 440, 448 (N.D. Cal. 2001).
10 Here, however, all of these factors weigh against bifurcation, since many of the same
11 facts may be used to prove both individual liability and *Monell* liability.  To bifurcate,
12 and to force plaintiff to repeat the introduction into evidence in the *Monell* part of the
13 trial, that he had already introduced in the individual liability phase of the trial, would
14 only confuse the jury.  Such an "instant replay" of the evidence would certainly work
15 against the interests of judicial economy.

16      In the event there is a separate trial as to municipal liability, the witnesses will
17 have to be called to the stand a second time in the separate trial. If the second trial is
18 before entirely different jury, undue consumption of  time will be required on
19 background and foundational information before the witness testifies a second time.
20  In the event this case is tried in a unitary fashion, the estimated time for trial would
21 be significantly reduced, due to the elimination of duplication in witness testimony,
22 scheduling and related logistical difficulties. Should a different jury be impaneled for
23 the municipal liability phase, even more undue consumption of time would be
24 required for the repeat of overlapping testimony, voir dire, instructions and
25 deliberations.

26      Furthermore, Plaintiffs also assert individual supervisor liability on the part of
27 Defendant, Chief Crombach.  Virtually all of the evidence relevant to the *Monell*
28 liability is also relevant to Chief Crombach's individual supervisory liability.  For

example, evidence of a systemic failure to supervise, evidence of a series of similar acts of misconduct, failure to discipline and reprimand etc.' It would make no sense to have all of the evidence presented to the jury in an "individual defendant" liability phase of the case, which would include Chief Crombach's individual liability, and then to have that same evidence presented to the jury again during a second *Monell* phase of the case.

The scope, magnitude, and nature of the facts that will be adduced at trial make it crystal clear that the facts relating to individual liability, supervisory liability and *Monell* liability are inextricably interwoven. Furthermore, separation of individual officer liabilty issues from City Monell liability issues at trial is wrought with difficulty in a Section 1983 case. Clever defense counsel, in a "phase one"individual liability trial: (1) might concede that the plaintiffs Constitutional rights were violated but argue that the individual officers who violated plaintiff's rights may have been consciously and in good faith following established City regulations, and should therefore escape Section 1983 liaibility, while pointing to the "empty chair" of the municipal defendants, who would not be defendants for purposes of "phase one"; (2) play on the jury's sympathies for the individual officer; and, (3) after the jury returned a verdict in favor of the individual officer, to argue (incorrectly) that if the individual officer cannot be liable under Section 1983, then the City cannot be liable either. Bifurcation of Civil Rights Defendants: Undermining Monell in Police Brutality Cases, 44 Hastings Law Journal 499, 546 (1993).

Juror sympathies for individual officers or law enforcement officer and/or officials, is often decisive when civil rights claims are bifurcated. First, if the individual was merely obediently carrying out department policy, the jurors' general sense of fairness mitigates against blaming an individual for causing a constitutional injury. Second, most jurors are predisposed to accept law enforcement officers' of officials testimony.

///

II.

**CONCLUSION**

Bifurcation of this case would result in confusion, undue consumption of time and resources and result in denial of Plaintiffs' right to a jury trial. The case "tries itself" on a unitary trial basis; the proof of the facts supporting the individual and supervisory liability also evidence *Monell* liability. Therefore, bifurcation should not be ordered.

Dated: July 16, 2009          LAW OFFICES OF GREGORY A. YATES, P.C.

                              GREGORY A. YATES
                              Co-Counsel for Plaintiffs,
                              TOMAS BARRERA, SR., individually and as a
                              Personal Representative of THE ESTATE OF
                              TOMAS BARRERA, JR.

Dated: July ____, 2009        LAW OFFICES OF KIM D. SCOVIS

                              KIM D. SCOVIS
                              JENNY SCOVIS
                              Counsel for Plaintiff,
                              MARIA LAZOS, individually and as a Personal
                              Representative of THE ESTATE OF TOMAS
                              BARRERA, JR.