**LAW OFFICES OF GREGORY A. YATES, P.C.**
16830 Ventura Blvd., # 250
Encino, California 91436
TEL. (310) 858-6944; FAX. (818) 905-7038

**DANIEL C. MORGAN & ASSOC.**
5851 Thille Street, Suite 103
Ventura, California 93003
TEL: (805) 815-4610; FAX: (805) 800-1880

Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAZOS, et al, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OXNARD, et al, <br><br> Defendants. <br><br> TOMAS BARRERA, SR. <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OXNARD, et al, <br><br> Defendants. | Case No. CV 08-02987 RGK (SHx) <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 8 TO EXCLUDE LOS ANGELES POLICE DEPARTMENT RECORDS OF ANDREW SALINAS <br><br> Date: August 11, 2009 <br> Time: 9:00 a.m. <br> Courtroom: 850 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs, MARIA LAZOS and TOMAS BARRERA, SR., individually and as representatives of the ESTATE OF TOMAS BARRERA, hereby file their Opposition to Defendants' Motion in Limine No. 8, to Exclude LAPD records of Andrew Salinas.

///
///
///

OPPOSITION TO DEFENDANTS' MIL NO. 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE LAPD RECORD EVIDENCE DELIBERATE INDIFFERENCE TO VIOLATION OF CONSTITUTIONAL RIGHT AND ARE, THEREFORE, RELEVANT TO PLAINTIFFS' CLAIMS

Defendants' rely on Board of County Commissioners of Bryan County v. Brown, 117 S.Ct. 1382 for the proposition that the failure to carefully review Salinas' file with the Los Angeles Police Department should not be offered as proof of *Monell* liability. However, for the reasons stated herein below, Brown is inapposite to this case. To begin with, Brown involved a failure to conduct a background check, whereas the Los Angeles Police Department files Plaintiffs seek to introduce are Salinas' job application records, which are directly related to Salinas' qualifications as a police officer.

Moreover, the decision in Brown was based on the specific facts of that case. The Brown court found that,

> *"... the evidence in this case was insufficient to support a finding that, in hiring Burns, Sheriff Moore disregarded a known or obvious risk of injury... The primary charges on which respondent relies... are those arising from a fight on a college campus where Burns was a student. In connection with this single incident, Burns was charged with assault and battery, resisting arrest, and public drunkenness... when he pleaded guilty to those charges, Burns also pleaded guilty to various driving-related offenses..."* Id., at 1392-93.

Based on these facts, the court held that,

> *"Sheriff Moore's hiring decision could not have been 'deliberate indifferent' unless in light of that record Burns' use of excessive force would have been a plainly obvious consequence of the hiring decision."* Id., at 1393.

In contrast with Burns' record which consisted of a single incident occurring in college, Salinas job applications with the LAPD included facts and opinions based

on recent conduct, and were directly related to Salinas' qualifications as a police officer.

Salinas' has been disqualified **twice from the LAPD**, in September 1994 and in January 1996, *inter alia*, for **immature judgment, authority conflict, failure to follow policy, carelessness**, disloyalty, immaturity, lack of good employment record, failure to provide complete work history. The LAPD psychiatrist opined that he "may be **quick tempered, impulsive and may respond poorly to stress...**" as well as concern for an "**incident of inappropriate aggression.**" The LAPD records further contain three separate applications for employment (one for police clerk, a second for reserve officer and the third for police officer), each contains direct misrepresentations of Salinas' background history, including his misrepresentation that he was not disqualified by LAPD.

Unlike Burns' background, Salinas' employment records, which include immature judgment, authority conflict, failure to follow policy, carelessness, quick temper, impulsiveness, responding poorly to stress and inappropriate aggression, make it *"plainly obvious"* that he will use excessive force.

And indeed, Salinas had been involved in three (3) wrongful shooting prior to this incident, and at least eight (8) non-shooting use of force cases. These incidents, coupled with Salinas' file with the LAPD, not only made it *"plainly obvious"* that he would use excessive force, but made it *certain* that he would. The LAPD file was introduced in one of the three (3) prior shooting cases, *Martinez v. City of Oxnard, et al.* Dr. Randolph Nutter, who was conducting preemployment psychological tests for the Oxnard Police Department at the time, admitted that based on that evidence Salinas should not have been hired. Despite having *actual* knowledge that Salinas' prior job application clearly indicated he was not qualified to serve as a police officer, and that he has used excessive force on numerous occasions, Defendant failed to discharge him. This is nothing like the situation in <u>Brown</u>, where officer Burns had never used excessive force before, and his background consisted of only single

incident which occurred while he was in college.

Furthermore, unlike Salinas, officer Burns was not authorized to carry a weapon. *Id.*, at 1387. Obviously, a much more careful investigation should be conducted when allowing an officer to use a deadly weapon.

The Brown court further held that,

> "Where a claim of municipal liability rests on a **single** decision... the danger that a municipality will be held liable without fault is high. **Because the decision necessarily governs a single case, there can be no notice to the municipal decisionmaker... that his approach is inadequate.** Nor will it readily be apparent that the municipality's action caused the injury in question, **because the plaintiff can point no other incident tending to make it more likely** that the plaintiff's own injury flows from the municipality's action..." *Id.*, at 1390 (emph. added.)

As indicated herein above, our case does not involve a single decision, but rather recurring decisions to retain Salinas despite *numerous* incidents of use of excessive force.

The Brown court compared inadequate screening cases to failure-to-train cases, noting that in the later type of cases,

> "a violation of federal rights may be highly predictable consequence of failure to equip law enforcement officers with specific tools to handle recurring situations. The likelihood that the situation will violate citizens' rights could justify a finding that policymakers' decision not to train the officer reflected 'deliberate indifference' to the obvious consequence of the policymakers' choice - namely, a violation of a specific constitutional or statutory right. The high degree of predictability may also support an inference of causation - that the municipality's indifference led directly to the very consequence that was so predictable." *Id.*, at 1391.

Similarly in our case, use of excessive force was a "highly predictable

*consequence"* in light of Salinas violent temper and failure to follow policy, as reflected in his file with the LAPD, and in light of the so many use of force incidents he has been involved in.

The Brown Court also noted that the plaintiff,

*"Ignores the fact that predicting the consequence of a single hiring decision... is far more difficult than predicting what might flow from the failure to train a single law enforcement officer as to a specific skill necessary to the discharge of his duties... '[D]eliberate indifference] is a stringent standard of fault, requiring proof that a municipal actor disregarded a **known or obvious** consequence of his action. Unlike the risk from a particular glaring omission in a training regiment, the risk from a single instance of inadequate screening... is not 'obvious'... The fact that inadequate scrutiny of an applicant's background would make a violation of rights more likely cannot **alone** give rise to an inference that a policymaker's failure to scrutinize the record of a particular applicant produced a specific constitutional violation. After all, **a full screening of an applicant's background might reveal no cause for concern at all; if so a hiring official who failed to scrutinize the applicant's background cannot be said to have consciously disregarded an obvious risk that the officer would subsequently inflict a particular constitutional injury.*** Id.*, at 1391-92 (emph. added.)

In our case, as indicated herein above, Defendants did disregard a *"known or obvious consequence of Salinas' action."* Not only does Salinas' background indicate a propensity to use excessive force, the numerous incident of use of force, including deadly force, he has been involved in, must give rise to an inference that Defendants' failure to discharge him produced a constitutional violation. Furthermore, unlike Brown, in our case a full screening of Salinas' background *did* reveal cause for concern, and for that reason he has been disqualified *twice* from the LAPD. Thus, Defendants' have *"consciously disregarded an obvious risk that the*

1 | *officer would subsequently inflict a particular constitutional injury."*

2 | The <u>Brown</u> court then stated that,

*"A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.* **Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute 'deliberate indifference.'"** *id.*, at 1392.

In this case, a *"reasonable policymaker,"* namely, the LAPD, had already concluded twice *"that the plainly obvious consequence of the decision to hire [Salinas] would be the deprivation of a third party's federally protected right."*

## II.
## CONCLUSION

Based on the foregoing, it is respectfully requested that the motion be denied.

Dated: July 16, 2009        LAW OFFICES OF GREGORY A. YATES, P.C.

_____
GREGORY A. YATES
Co-Counsel for Plaintiffs,
TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

Dated: July ___, 2009       LAW OFFICES OF KIM D. SCOVIS

_____
KIM D. SCOVIS
JENNY SCOVIS
Counsel for Plaintiff,
MARIA LAZOS, individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.