Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF OXNARD,
OXNARD POLICE DEPARTMENT, JOHN CROMBACH,
and ANDREW SALINAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA LAZOS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OXNARD, et al., <br><br> Defendants. <br><br> AND CONSOLIDATED ACTION. | No. CV 08-02987 RGK (SHx) <br><br> [consolidated w/ <br> No. CV 08-05153 RGK (SH)] <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 11; DECLARATION OF DEFENSE COUNSEL** <br><br> Date : August 11, 2009 <br> Time : 9:00 a.m. <br> Ctrm : 850 Roybal |

Defendants hereby oppose plaintiffs' Motion in Limine No. 11 regarding attempted en masse exclusion of police practices expert witnesses:

**I.**

**PLAINTIFFS FAILED TO TIMELY MEET AND CONFER AS REQUIRED BY LOCAL RULE 7-3**

Plaintiffs failed to timely meet and confer. Pursuant to Local Rule 7-3, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly the substance of the contemplated motion at least twenty (20) days

1

prior to the filing of the motion.  Pursuant to the Court's standing orders, motions in limine are to be filed and served a minimum of forty-five (45) days prior to the scheduled trial date of August 11, 2009, which is June 27, 2009.  Since June 27 is a Saturday, the motion is to be filed by June 26.  Based upon a June 26 filing date, any meet and confer effort would have to be completed by June 6, 2009 (twenty days prior).  Plaintiffs did not attempt to meet and confer by identifying the anticipated motions in limine until June 11, 2009 (Exhibit A).  The Court should note that plaintiffs' motion fails to include the requisite language of L.R. 7-3, advising the Court of the date of the meet and confer, obviously because it was untimely.  As such, because the motion is untimely, it should not be considered by the Court.

## II.

### POLICE PRACTICES EXPERTS ARE INCLUDABLE IN A CIVIL RIGHTS CASE

This "motion in limine" is an attempt to obtain dozens of complex evidentiary rulings before any questions are asked of expert witnesses.  Motions in limine are properly directed to specific items of evidence or categories of evidence; this "motion in limine" seeks to obtain the Court's determination of myriad complex items of evidentiary matter completely out of context. Motions in limine which are extremely complex, overbroad, and out of context represent a misuse of the in limine process and should be denied on that basis.

Motions in limine are properly directed to stand-alone items which are readily intelligible without great difficulty.  Agglom-erating a vast amalgam of complex, interrelated testimony with fine

1 nuances is simply beyond the scope of the in limine process.

2 In the case of *United States v. Buckner*, 91 F.3d 34, 36 (7th
3 Cir. 1996), the court castigated an effort to address myriad
4 complex issues by in limine exclusion, stating:

5 > Some motions in limine present serious problems
6 > because they ask for an evidentiary call before
7 > the judge really knows enough about the context
8 > of the case to make a reasonable ruling. Some,
9 > like the one here, may involve a lot of time,
10 > for the judge may need to listen to the tapes
11 > before ruling. Any way you cut them, motions
12 > in limine can create headaches for district
13 > judges. While some of them, we concede, can
14 > help expedite litigation, the best way to deal
15 > with many of them is usually to reserve ruling
16 > and get the trial on the road, for many times,
17 > what appears to be vitally important before the
18 > start of trial, becomes less so once the case
19 > starts moving. That approach, plus a general
20 > presumption of admissibility of evidence, is
21 > usually advisable.

22 Granting extremely complicated, overbroad in limine motions
23 touching on dozens of items of evidence, in the absence of clearly
24 on-point appellate authority, would unfairly eviscerate an oppo-
25 nent's case. In limine motions which cut a broad swath through
26 vast portions of important trial evidence would wreak untold harm
27 on the presentation of the case.

28 These items of evidence sought to be excluded are not facially

prejudicial. The usual rationale for in limine motions is to avoid the obviously futile attempt to unring the bell in the event the question is asked or the evidence mentioned in proceedings before the jury. The motion in limine presupposes highly inflammatory or misleading evidence which the jury would instantly comprehend and then find it difficult to cauterize from its collective memory. A good example would be the Ninth Circuit's decision in *Duran v. City of Maywood*, 221 F.3d 1127, 1132-1133 (9th Cir. 2000). The evidence sought to be excluded was very specific — that the defendant police officer in that civil rights shooting case had shot someone else just a few days after the subject shooting. A jury hearing that question or answer would immediately understand the evidence and conceive of the defendant officer as a trigger-happy villain who had to be stopped from his rampage of shooting people. The question and answer were readily intelligible and highly prejudicial. That is the proper use of in limine motions — easily comprehensible subject matter. The due process requirement that all parties understand what is at issue is then satisfied, for fundamental fairness. The evidence must be so prejudicial that the jury, upon hearing it, would instantly understand it and likely be swayed one way or the other by it.

   This motion's purpose of seeking to induce the Court to issue dozens of important rulings on subtle, complex matters which would not be instantly recognizable by the jury as highly prejudicial is a tortured misuse of the in limine process. The Tenth Circuit recognized this problem in *Black v. M&W Gear*, 269 F.3d 1220, 1230 (10th Cir. 2001). The Tenth Circuit explained that most objections made pursuant to motions in limine will prove to be dependent upon

trial evidentiary context. Motions in limine are improper if the issue is not of the type that can be decided in a pretrial hearing. Motions in limine on either end of the specificity spectrum, so conclusory as to be vague, or so exceptionally overbroad that they seek exclusion of myriad items out of context, are improper. *Id*. Such motions do not account for trial context, the character of the evidence, or the theory upon which they may be offered. *Id*.

This motion would have the Court simply issue blanket in limine rulings without any specific application of the proffered evidence to an appellate decision. It is extremely rare that in limine orders are issued unless the district court can match the proffered evidence to evidence held impermissible in a specific appellate decision. It is also extremely rare for a district court to grant in limine exclusion of mass data which would virtually vivisect the offeror's trial presentation when the items sought to be excluded are not readily discernible by the trier of fact as facially prejudicial.

The Ninth Circuit has held, en banc, that police practices experts are permissible in a search and seizure civil rights case. The plaintiffs' eleventh motion in limine seeks to exclude the defendants' two police practices experts. How can a motion which seeks exclusion of witnesses of a category held viable by the Ninth Circuit be permissible? It can't. *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) [en banc] [holding that testimony of an expert witness about proper police procedures and policies was relevant and admissible and that the testimony of a police practices expert that officers violated law enforcement standards was properly received].

5

1     The Ninth Circuit holds that the type of evidence here
2 challenged is admissible. *Smith, id.* The plaintiffs want it
3 thrown out, presumably because defendants have pending an in limine
4 motion (No. 1) to exclude plaintiffs' experts as untimely dis-
5 closed. But defendants timely disclosed *their* police practices
6 experts and are allowed by *Smith, id.,* to introduce such testimony.
7 It is therefore respectfully requested that the plaintiffs' motion
8 be denied.

10     Dated: July ____, 2009

11                             LAW OFFICES OF ALAN E. WISOTSKY

13                             By:_____
                                DIRK DeGENNA
14                                 Attorneys for Defendants,
                                CITY OF OXNARD, OXNARD POLICE
15                                 DEPARTMENT, JOHN CROMBACH, and
                                ANDREW SALINAS

**DECLARATION OF DIRK DEGENNA**

I, Dirk DeGenna, declare as follows:

1. I am an attorney admitted to practice law before all the courts of the State of California and the United States District Court, Central District of California, and am an associate in the Law Offices of Alan E. Wisotsky, attorneys of record for defendants in this action. I make this declaration of my own personal knowledge, except as to the information declared on information and belief, and if called upon to testify, I could and would do so competently.

2. Plaintiffs' counsel did not make an effort to meet and confer regarding potential motions in limine until June 11, 2009, when by way of correspondence dated that same day, plaintiffs' counsel identified 23 anticipated motions in limine.

3. Attached hereto as Exhibit A is a true and correct copy of the June 11, 2009, correspondence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July ____, 2009, at Oxnard, California.

                                                     DIRK DEGENNA