1 **LAW OFFICES OF GREGORY A. YATES, P.C.**
16830 Ventura Blvd., # 250
2 Encino, California 91436
TEL. (310) 858-6944; FAX. (818) 905-7038
3
**DANIEL C. MORGAN & ASSOC.**
4 5851 Thille Street, Suite 103
Ventura, California 93003
5 TEL: (805) 815-4610; FAX: (805) 800-1880

6 Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal
Representative of THE ESTATE OF TOMAS BARRERA, JR.
7

8 ### UNITED STATES DISTRICT COURT

9 ### CENTRAL DISTRICT OF CALIFORNIA

10

11 MARIA LAZOS, et al,                              Case No. CV 08-02987 RGK (SHx)

12                            Plaintiff,
                                                   PLAINTIFFS' OPPOSITION TO
13 vs.                                             DEFENDANTS' MOTION IN LIMINE
                                                   NO. 10 TO EXCLUDE EVIDENCE OF
14 CITY OF OXNARD, et al,                          DECEDENT'S DAMAGES

15                            Defendants.          Trial:      August 11, 2009
                                                   Time:       9:00 a.m.
16 TOMAS BARRERA, SR.                              Courtroom: 850

17                            Plaintiff,

18 vs.

19 CITY OF OXNARD, et al,

20                            Defendants.

21

22        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23        Plaintiffs, MARIA LAZOS and TOMAS BARRERA, SR., individually and as

24 representatives of the ESTATE OF TOMAS BARRERA, hereby file their Opposition

25 to Defendants' Motion in Limine No. 10, to exclude evidence of decedent's damages.

26 ///

27 ///

28 ///

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

## C.C.P. §377.60 PROVIDES PLAINTIFFS' STANDING TO ASSERT DECEDENT'S FOURTH AMENDMENT RIGHTS

In §1983 actions, "the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. Moreland v. Las Vegas Metropolitan Police Dept., 159 F.3d 365, 369 (9th Cir., 1998) citing Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir.1987).

The relevant state law in California is C.C.P. §377.60, which provides that,

*"A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children,* **or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.***"* (Emph. Added.)

Probate Code §6402 provides that,

*"...the entire intestate estate if there is no surviving spouse or domestic partner, passes as follows: ... (b) If there is no surviving issue, to the decedent's parent or parents equally."*

The decedent, Tommy Barrera, did not have a spouse at the time of his death, nor did he have any surviving issue. Therefore, his parents, the Plaintiffs, are entitled to his intestate estate, and are entitled to assert a Fourth Amendment claim on his behalf . *See* also Robbins v. City of Hanford, 2006 WL 1716220, 5 (E.D.Cal.,2006) ("[a] decedent's parents become heirs under the wrongful death statute when there is no surviving issue. Cal.Code Civ. Pro. § 377.60(a); Cal. Prob.Code, § 6402(b).")

///

1   Defendants' reliance on <u>C.C.P.</u> §377.60(b) is misplaced.  Said section provides
2   that,

3   " ***Whether or not qualified under subdivision (a)****, if they were dependent on*
4   *the decedent, the putative spouse, children of the putative spouse, stepchildren,*
5   *or parents.* "

6   Thus, subsection (b) provides an independent cause of action, separate than that
7   provided for in subsection (a), which has nothing to do with the right to assert the
8   decedent's Fourth Amendment rights.

9   *See* <u>Foster v. City of Fresno</u>, 392 F.Supp.2d 1140, 1145 -1146 (E.D.Cal.,2005):
10   *"The survivors of an individual who is killed as a result of the application of*
11   *excessive force may assert a Fourth Amendment claim on that individual's*
12   *behalf if the relevant state's law authorizes a survival action.  Moreland v. Las*
13   *Vegas Metropolitan Police Dept., 159 F.3d 365, 369 (9th Cir.1998).  Section*
14   *377.60 of the California Code of Civil Procedure provides that a wrongful*
15   *death action may be asserted by a the children of a decedent.  Cal. Code Civ.*
16   *Pro. § 377.60(a).  A parent may only assert a wrongful death claim if there are*
17   *no children or issue **or** if he or she is "dependent on the decedent."  Id. at §*
18   *377.60(b).* "  (Emph. Added.)

19                                **II.**

20   **PLAINTIFFS SHOULD BE ALLOWED TO RECOVER FOR PAIN AND**
21   **SUFFERING**

22   The primary purposes of §1983 are well established: to compensate victims of
23   constitutional deprivations and to deter future constitutional violations by such
24   awards.  *See e.g.* <u>Richardson v. McKnight</u>, 521 U.S. 399, 403 (1997); <u>Wyatt v. Cole</u>,
25   504 U.S. 158, 161 (1992); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1-67 (9th Cir. 2006).
26   Plaintiffs concede that California survivor statue bars recovery for pain and
27   suffering.  However, to do apply California law in this case would be entirely
28   inconsistent with §1983 purpose of providing compensation to victims for

1  deprivation of their constitutional rights and deterring such conduct in the future.
2  Under the rationale proffered by Defendants in their motion, had Tommy Barrera
3  survived, he could sue for his own pain and suffering.  However, since Defendants'
4  conduct caused his death, which is the most severe injury possible, and far more
5  severe than mere injury, Defendants' argue that his estate is precluded from
6  recovering for Tommy's pain and suffering.  Defendants are asking the court to apply
7  California law to eliminate Plaintiffs' claim under §1983 simply because the
8  constitutional violations in this case resulted in death, instead of injury.  To hold so,
9  would be inconsistent with the purposes of §1983.

10        While the Supreme Court and Ninth Circuit have not decided whether or not
11  pain and suffering should be recoverable under §1983[1], many Ninth Circuit decision
12  have permitted recovery for pain and suffering in §1983 wrongful death actions.
13  Most recently, the court in Gotbaum v. City of Phoenix (D.Ariz.,2008) 2008 WL
14  4628675, refused to apply Arizona survival statute's elimination of pain and suffering
15  damages in plaintiff's §1983 claim.  There, survivors of an arrestee who died in the
16  custody of a city police department, sued the city, police department and police
17  officers, asserting, inter alia, violation of the arrestee's constitutional rights under
18  §1983.  The court held that,

19        *"A clear majority of federal cases, however, has concluded that when a*
20        *violation of federal civil rights results in death of the victim, state statutes*
21        *limiting the remedies of the victim's estate and family members are not*
22        *consistent with the purposes of section 1983. See, e.g., Berry v. City of*
23        *Muskogee, 900 F.2d 1489, 1499-1507 (10th Cir.1990); Bass, 769 F.2d at*
24        *1187-90; Jaco v. Bloechle, 739 F.2d 239, 241-45 (6th Cir.1984); Gilbaugh v.*
25        *Balzer, No. Civ-99-1576-AS, 2001 WL 34041889, at \*5-7 (D.Or. June 7,*

27        [1] *See* Robertson v. Wegmann, 436 U.S. 584, 594-95 (U.S.La.,1978) ("[w]e intimate no view
   ... about whether abatement based on state law could be allowed in a situation in which deprivation
28  of federal rights caused death"); Smith v. City of Fontana, 818 F.2d 1411, 1417 n. 7 (9th Cir.1987)
   (declining to decide the issue).

*2001); Garcia v. Whitehead, 961 F.Supp. 230, 232-33 (C.D.Cal.1997); Guyton v. Phillips, 532 F.Supp. 1154, 1164-66 (N.D.Cal.1981)...*

*The legislative history of section 1983 makes clear that Congress intended significant recompense when a constitutional violation caused the death of the victim. The general legislative history of the 1871 act makes clear that death was among the civil rights violations that Congress intended to remedy."* (Internal quotations and citations omitted.)

*"In both Houses of Congress, statements of the supporters of section 1983 corroborated that Congress ... intended to give a broad remedy for violations of federally protected civil rights... The statute was designed to accomplish at least two purposes-- compensating those injured and preventing official illegality. The Supreme Court has noted that section 1983's unique remedy makes it appropriate to accord the statute a sweep as broad as its language."* (Internal quotations and citations omitted.)

***"Most courts have concluded that state statutes limiting civil remedies in cases where a constitutional violation has caused death to the victim simply are not consistent with the purposes of section 1983. Courts have noted that such state laws are not suitable to carry out the full effects intended for §1983 cases ending in death of the victim; they are deficient in some respects to punish the offenses...*** *Courts have also noted the incongruity of applying a state law that would allow recovery for pain and suffering if the victim survived the assault, but not if the victim died as a result of it. The inescapable conclusion is that there may be substantial deterrent effect to conduct that results in the injury of an individual but virtually no deterrent to conduct that kills its victim... "* (Internal quotations and citations omitted; emph. added.)

The Court concluded by stating that,

*"Given the broad intent of section 1983, and particularly the fact that*

*Congress sought to provide an effective remedy for unconstitutional killings, the Court concludes that application of the Arizona survival statute and its elimination of pain and suffering damages in cases where death is alleged would be contrary to the purposes of section 1983. The Court therefore will apply a federal remedy that permits the recovery of such damages."*

In Guyton v. Phillips, 532 F. Supp. 1154 (N.D. Cal. 1981), the Court allowed estate to recover compensation for decedent's pain and suffering and for his loss of life itself even though such compensation is unavailable under California's survival statute.   The Guyton court reasoned its decision by stating that had the victim survived, he could have recovered, among other things, loss of earnings and pain and suffering.   The inescapable conclusion, Judge Patel held, was that there might be substantial deterrent effect to conduct that resulted in the injury of an individual but virtually no deterrent to conduct that killed the victim. *Id.*, at 1166.   Thus, the deterrent purpose of § 1983 "is hardly served when the police officer who acts without substantial justification suffers a harsher penalty for injuring or maiming a victim than for killing him." *Id.*, at 1167. The Guyton court concluded that, "to deny pain and suffering damages would strike at the very heart of a section 1983 action ..." *Id.* For the same proposition, *see* also Williams v. City of Oakland, 915 F. Supp. 1074 (N.D. Cal. 1996); Garcia v. Whitehead, 961 F. Supp. 230 (C.D. Cal. 1997) (finding that pain and suffering damages *are* recoverable in a wrongful death action under § 1983); Davis v. City of Ellensburg, 651 F. Supp. 1248 (E.D. Wash. 1987) (Following the reasoning of *Guyton* with respect to a similar statute under Washington state law.)

///

///

///

///

///

# III.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the motion be denied.

Dated: July 16, 2009           LAW OFFICES OF GREGORY A. YATES, P.C.

GREGORY A. YATES
Co-Counsel for Plaintiffs,
TOMAS BARRERA, SR., individually and as a
Personal Representative of THE ESTATE OF
TOMAS BARRERA, JR.

Dated: July _____, 2009        LAW OFFICES OF KIM D. SCOVIS

KIM D. SCOVIS
JENNY SCOVIS
Counsel for Plaintiff,
MARIA LAZOS, individually and as a Personal
Representative of THE ESTATE OF TOMAS
BARRERA, JR.