Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF OXNARD,
OXNARD POLICE DEPARTMENT, JOHN CROMBACH,
and ANDREW SALINAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA LAZOS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF OXNARD, et al.,<br><br>　　　　Defendants.<br><br>AND CONSOLIDATED ACTION. | No. CV 08-02987 RGK (SHx)<br>[consolidated w/<br>No. CV 08-05153 RGK (SH)]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF MARIA LAZOS'S MOTION IN LIMINE NO. 11; DECLARATION OF DEFENSE COUNSEL**<br><br>Date : August 11, 2009<br>Time : 9:00 a.m.<br>Ctrm : 850 Roybal |

　　Defendants hereby oppose plaintiff Maria Lazos's Motion in Limine No. 11 regarding exclusion of expert testimony as to Andrew Salinas's suffering from PTSD.

**I.**

**PLAINTIFF FAILED TO TIMELY MEET AND CONFER AS REQUIRED BY LOCAL RULE 7-3**

　　Plaintiff failed to timely meet and confer.  Pursuant to Local Rule 7-3, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly the substance

1

of the contemplated motion at least twenty (20) days prior to the filing of the motion. Pursuant to the Court's standing orders, motions in limine are to be filed and served a minimum of forty-five (45) days prior to the scheduled trial date of August 11, 2009, which is June 27, 2009. Since June 27 is a Saturday, the motion is to be filed by June 26. Based upon a June 26 filing date, any meet and confer effort would have to be completed by June 6, 2009 (twenty days prior). Plaintiff did not attempt to meet and confer by identifying the anticipated motions in limine until June 11, 2009 (Exhibit A). As such, the motion in limine is untimely and should not be considered by the Court.

## II.

### **NO EXPERT TESTIMONY IS OFFERED TO BOLSTER ANDREW SALINAS'S CREDIBILITY FOR PURPOSES OF EXPLAINING HIS ALLEGED VARYING ACCOUNTS**

Plaintiff Lazos filed her motion to exclude opinions from defendants' experts regarding the credibility and/or rationale for differing accounts of the incident without advising the Court as to what are the alleged differing accounts. The plaintiff is asking the Court to decide the issue blind.

The case of *Westcott v. Crinklaw, et al.*, 68 F.3d 1073 (1995), is not actually on point as plaintiff alleges. In this civil action against a police officer for use of excessive force, the court held that a defense expert's testimony that the officer suffered from post-traumatic stress syndrome following the shooting of plaintiff's husband, **for purposes of explaining the officer's varying accounts of the incident,** impermissibly bolstered the officer's credibility, since reliability of the officer's statements was a

credibility issue which should have been left in the exclusive province of the jury.

As indicated above, plaintiff failed to advise the Court of Andrew Salinas's alleged different versions of what occurred. To the defense's knowledge, there are no variances in Sgt. Salinas's testimony as to what occurred. It is expected that Dr. Lewinski will explain why police officers, when involved in high-stress encounters such as the one facing Sgt. Salinas, often miss vast quantities of information while they are scanning and focusing. Several witnesses claim that they heard a voice say words to the effect of "Don't shoot me" immediately prior to the gunshots; however, Sgt. Salinas testified that he did not hear any such statement. Sgt. Salinas has not offered varying accounts on this issue, a significant distinction, and that is how this case differs from *Westcott*.

Plaintiff will argue that having heard the statement, Sgt. Salinas should have realized that the decedent did not pose a threat to him and, as such, the force was not reasonable. Dr. Lewinski's studies demonstrate why such a statement, if in fact made, was not heard by Sgt. Salinas. The testimony is not offered to bolster his credibility to counter varying accounts from the same witness.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

For the foregoing reasons, it is respectfully requested that the Court deny plaintiff Maria Lazos's Motion in Limine No. 11.

Dated: July ____, 2009

                                  LAW OFFICES OF ALAN E. WISOTSKY

                                  By:_____
                                     DIRK DeGENNA
                                     Attorneys for Defendants,
                                     CITY OF OXNARD, OXNARD POLICE
                                     DEPARTMENT, JOHN CROMBACH, and
                                     ANDREW SALINAS

**DECLARATION OF DIRK DEGENNA**

I, Dirk DeGenna, declare as follows:

1. I am an attorney admitted to practice law before all the courts of the State of California and the United States District Court, Central District of California, and am an associate in the Law Offices of Alan E. Wisotsky, attorneys of record for defendants in this action. I make this declaration of my own personal knowledge, except as to the information declared on information and belief, and if called upon to testify, I could and would do so competently.

2. Plaintiffs' counsel did not make an effort to meet and confer regarding potential motions in limine until June 11, 2009, when by way of correspondence dated that same day, plaintiffs' counsel identified 23 anticipated motions in limine.

3. Attached hereto as Exhibit A is a true and correct copy of the June 11, 2009, correspondence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July ____, 2009, at Oxnard, California.


_____
DIRK DEGENNA