Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:     (805) 278-0920
Fax:     (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF OXNARD,
OXNARD POLICE DEPARTMENT, JOHN CROMBACH,
and ANDREW SALINAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA LAZOS, et al., | No. CV 08-02987 RGK (SHx) |
| Plaintiffs, | [consolidated w/ No. CV 08-05153 RGK (SH)] |
| v. | |
| CITY OF OXNARD, et al., | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 12; DECLARATION OF DEFENSE COUNSEL** |
| Defendants. | |
| | Date : August 11, 2009 |
| AND CONSOLIDATED ACTION. | Time : 9:00 a.m. |
| | Ctrm : 850 Roybal |

Defendants hereby oppose plaintiffs' Motion in Limine No. 12 regarding exclusion of any and all evidence found in the truck of Luis Garcia.

**I.**

**PLAINTIFFS FAILED TO TIMELY MEET AND CONFER AS**

**REQUIRED BY LOCAL RULE 7-3**

Plaintiffs failed to timely meet and confer. Pursuant to Local Rule 7-3, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly the substance of the contemplated motion at least twenty (20) days

1

prior to the filing of the motion. Pursuant to the Court's standing orders, motions in limine are to be filed and served a minimum of forty-five (45) days prior to the scheduled trial date of August 11, 2009, which is June 27, 2009. Since June 27 is a Saturday, the motion is to be filed by June 26. Based upon a June 26 filing date, any meet and confer effort would have to be completed by June 6, 2009 (twenty days prior). Plaintiffs did not attempt to meet and confer by identifying the anticipated motions in limine until June 11, 2009 (Exhibit A). The Court should note that plaintiffs' motion fails to include the requisite language of L.R. 7-3, advising the Court of the date of the meet and confer, obviously because it was untimely. As such, because the motion is untimely, it should not be considered by the Court.

**II.**

**PLAINTIFFS' MOTION IS TOO VAGUE AND OVERBROAD**

Plaintiffs' motion in limine to exclude "any and/or all evidence found in the truck belonging to Luis Garcia" is too vague and overbroad to address. Plaintiffs fail to specify exactly what it is they seek to exclude by this motion. Are they attempting to exclude DNA evidence taken from the vehicle itself or items found in the truck but not part of the truck?

To the extent the motion is seeking to exclude evidence found within the truck but not part of the truck, the defense fails to see what the ultimate disposition of the vehicle has to do with the evidence itself.

/ / /

/ / /

/ / /

## III.

## **TRUCK RELEASED PRIOR TO PLAINTIFFS' CLAIMS**

Plaintiffs improperly contend that the release of the truck to its owner once the truck had been processed for evidence was bad faith and that any evidence pertaining to the truck or found within it should be excluded.

The subject truck was impounded on the day of the shooting, October 3, 2007. It was processed for evidence on October 9, 2007, then released to its owner that same day. (See Exhibit 1 to plaintiffs' Motion in Limine No. 12.) Contrary to plaintiffs' contention, the claim of Maria Lazos was not filed with the City Clerk until October 26, 2007 (Exhibit B). Even had it been filed prior to the release of the truck, there is no evidence of bad faith on the part of defendants which would warrant any sanctions. Plaintiffs have not shown any bad faith in the release of the truck to its owner once the truck had been processed for evidence, nor even that the defendants were on notice that the truck had any potential relevance to the shooting of decedent for assaulting a police officer. Nothing in the record indicates that defendants released the truck with the intent to cover up information.

Plaintiffs' contentions regarding the defendants' failure to instruct the rightful owner of the truck to not destroy or dispose of the truck is irrelevant. Once the truck had been released, it was no longer in the same condition as it had been when impounded. The condition of the truck as it appeared on the day of the incident was well documented in photographs, and the photographs were produced to plaintiffs in discovery.

/ / /

For the foregoing reasons, it is respectfully requested that the Court deny plaintiffs' Motion in Limine No. 12.

Dated: July ____, 2009

                        LAW OFFICES OF ALAN E. WISOTSKY

                        By:_____
                            DIRK DeGENNA
                            Attorneys for Defendants,
                            CITY OF OXNARD, OXNARD POLICE
                            DEPARTMENT, JOHN CROMBACH, and
                            ANDREW SALINAS

**DECLARATION OF DIRK DEGENNA**

I, Dirk DeGenna, declare as follows:

1.  I am an attorney admitted to practice law before all the courts of the State of California and the United States District Court, Central District of California, and am an associate in the Law Offices of Alan E. Wisotsky, attorneys of record for defendants in this action. I make this declaration of my own personal knowledge, except as to the information declared on information and belief, and if called upon to testify, I could and would do so competently.

2.  Plaintiffs' counsel did not make an effort to meet and confer regarding potential motions in limine until June 11, 2009, when by way of correspondence dated that same day, plaintiffs' counsel identified 23 anticipated motions in limine.

3.  Attached hereto as Exhibit A is a true and correct copy of the June 11, 2009, correspondence.

4.  Attached hereto as Exhibit B is a true and correct copy of plaintiff Maria Lazos's October 26, 2007, claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July ____, 2009, at Oxnard, California.

_____
DIRK DEGENNA