**LAW OFFICES OF GREGORY A. YATES, P.C.**
16830 Ventura Blvd., # 250
Encino, California 91436
TEL. (310) 858-6944; FAX. (818) 905-7038

**DANIEL C. MORGAN & ASSOC.**
5851 Thille Street, Suite 103
Ventura, California 93003
TEL: (805) 815-4610; FAX: (805) 800-1880

Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAZOS, et al, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OXNARD, et al, <br><br> Defendants. | Case No. CV 08-02987 RGK (SHx) <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE OF PRIOR CONTACT WITH ANDREW SALINAS |
| TOMAS BARRERA, SR. <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OXNARD, et al, <br><br> Defendants. | Date: August 11, 2009 <br> Time: 9:00 a.m. <br> Courtroom: 850 |

Plaintiffs, MARIA LAZOS and TOMAS BARRERA, SR., individually and as representatives of the ESTATE OF TOMAS BARRERA, hereby file their Opposition to Defendants' Motion in Limine No. 11 To Exclude Prior Contact With Andrew Salinas.

///
///
///

---

OPPOSITION TO DEFENDANTS' MIL NO. 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### THE PRIOR CONTACT BETWEEN SALINAS AND BARRERA SR. IS ADMISSIBLE TO SHOW MOTIVE, INTENT AND PLAN

Fed.R.Evid. 404(b) provides that,

*"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident..."*

The prior incident involving Salinas and Mr. Barrera is relevant to prove Salinas' motive, intent and plan to shoot decedent, and show a pattern of operation that would suggest intent.

Proof of other crimes has been held admissible to show a common scheme, plan, design, system, course of conduct, or to establish motive or intent, or absence of mistake or accident. Parker v. U.S., 400 F.2d 248, 252 (9th Cir., 1968) *citing* Simons v. United States, 119 F.2d 539 (9th Cir.), Reed v. United States, 364 F.2d 630, 633 (9th Cir. 1966). Rule 404(b)'s terminology of 'other crimes, wrongs, or acts' includes conduct that is neither criminal nor unlawful if it is relevant to a consequential fact. U.S. v. Long 328 F.3d 655, 661 (D.C., 2003). The other activity need not have resulted in a charge or conviction; indeed, the defendant may even have been acquitted of the conduct, or the conduct may have been entirely lawful. *Id.*, *citing e.g.*, United States v. Cavin, 39 F.3d 1299, 1311 (5th Cir.1994); United States v. Ashman, 979 F.2d 469, 492 (7th Cir.1992); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir.1992); United States v. Atwell, 766 F.2d 416, 421-22 (10th Cir.1985). What matters is that the evidence be relevant "to show a pattern of operation that would suggest intent" and that tends to undermine the defendant's innocent explanation. U.S. v. Long, *supra*. The admissible bad acts evidence need not show

OPPOSITION TO DEFENDANTS' MIL NO. 11

- 2 -

1  incidents identical to the events charged, so long as they are closely related to the
2  offense. *Id.*, citing <u>United States v. DeLoach</u>, 654 F.2d 763, 769 (D.C.Cir.1980).
3  Relevance is established by any showing, however slight, which makes it more likely
4  than it was before the admission of the evidence that the defendant committed the
5  crime in question. <u>U.S. v. Federico</u>, 658 F.2d 1337, 1342 (9th Cir. 1981). The
6  evidentiary fact offered does not need to have strong, full, superlative, probative
7  value, does not need to involve demonstration or to produce persuasion by its sole
8  and intrinsic force, but merely to be worth consideration by the jury. <u>U.S. v.
9  Kahaner</u>, 317 F.2d 459, 471 (N.Y. 1963).

10       The prior contact with Mr. Barrera is also relevant to proving *Monell* and
11  supervisory liability, since it shows Salinas' aggression and propensity to use
12  violence. Prior incidents tend to prove a pattern or custom and the accession to that
13  custom by the policymaker. <u>Grandstaff, et al- v. City of Borger, et al</u> (1985) 767 F.2d
14  161, 171, cited in <u>U.S.A. v. Soyland</u>, 3 F.3d 1312, 1318 (9th Cir. 1993); <u>Larez, et al
15  v. City of Los Angeles, et al</u>, 946 F.2d 630 (9th Cir. 1991). Policy, pattern and
16  practice can be inferred from prior and subsequent incidents. <u>U.S.A. v. Soyland</u>,
17  *supra*, 3 F.3d 1318; <u>Oviatt v. Pearce</u>, 954 F.2d 1470 (9th Cir. 1992.) Plaintiffs are
18  entitled to offer evidence and solicit testimony from various policymakers about what
19  they knew of Salinas' propensity to use violence, his repeated violent conduct and the
20  consequences of that conduct, and what, if anything, the policymakers did with that
21  knowledge. Salinas' aggressive behavior and his propensity to use a deadly weapon
22  *for a simple traffic stop, in which there has been no attempt to resist or refusal to
23  follow Salinas' commands,* should have alerted the OPD that Salinas was not
24  qualified to be a police officer and should not be entrusted with a deadly weapon.
25  Such evidence is relevant to demonstrate the existence of an official policy or
26  widespread custom of illegal and injurious conduct. <u>Board of County Comm'rs of
27  Bryan County v. Brown</u>, 520 U.S. 397, 403-04 (1997).
28       A subset of the policy or practice theory of liability for municipalities is one

1  alleging a failure to train municipal employees in the rights of its citizens. *See*
2  Mackinney v. Nielsen, 69 F.3d 1002, 1010 (9th Cir.1995) (plaintiff can establish
3  municipal liability in section 1983 action by showing the municipality made a
4  "deliberate" or "conscious" choice to fail to train its employees adequately); City of
5  Canton v. Harris, 489 U.S. 378, 389 (1989) ("the inadequacy of police training may
6  serve as the basis for 1983 liability only where the failure to train amounts to
7  deliberate indifference to the rights of persons with whom the police come into
8  contact.") Evidence of numerous prior use of force acts involving Salinas is relevant
9  to show failure to train and discipline Salinas.

10       Furthermore, Chief Crombach's individual liability is based upon his having
11  notice of numerous other incidents involving Salinas, and yet, failing to take
12  appropriate action and/or protective measures to prevent recurrence of such conduct.
13  Knowingly refusing to terminate a series of acts by others, which a policymaker
14  knew, or should have known, would cause others to inflict the constitutional injury,
15  would suffice for individual liability. Larez v. Gates, 946 F.2d 630, 646 (9th Cir.
16  1991). Individual liability lies for a policymaker's acquiescence in the constitutional
17  deprivation, or for conduct showing reckless or callous indifference to the rights of
18  others. Watkins v. City of Oakland, California, 145 F.3d 1087, 1093 (9th Cir. 1998).
19  *See also* Oviatt v. Pearce, 954 F.2d 1470, 1477-79 (9th Cir. 1992). Chief Crombach
20  had a duty as a Sheriff to prevent continuous and widespread constitutional rights
21  violations, of which he had actual knowledge.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## II.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the motion be denied.

Dated: July __16, 2009        LAW OFFICES OF GREGORY A. YATES, P.C.

_____
GREGORY A. YATES
Co-Counsel for Plaintiffs,
TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

Dated: July ___, 2009         LAW OFFICES OF KIM D. SCOVIS

_____
KIM D. SCOVIS
JENNY SCOVIS
Counsel for Plaintiff,
MARIA LAZOS, individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.