**LAW OFFICES OF GREGORY A. YATES, P.C.**
16830 Ventura Blvd., # 250
Encino, California 91436
TEL. (310) 858-6944; FAX. (818) 905-7038

**DANIEL C. MORGAN & ASSOC.**
5851 Thille Street, Suite 103
Ventura, California 93003
TEL: (805) 815-4610; FAX: (805) 800-1880

Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAZOS, et al, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OXNARD, et al, <br><br> Defendants. <br> ——————————————— <br> TOMAS BARRERA, SR. <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OXNARD, et al, <br><br> Defendants. | Case No. CV 08-02987 RGK (SHx) <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 12 TO EXCLUDE WITNESS JOSEPHINE ESTRADA FROM OFFERING OPINIONS AS TO ULTIMATE ISSUES <br><br> Date: August 11, 2009 <br> Time: 9:00 a.m. <br> Courtroom: 850 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs, MARIA LAZOS and TOMAS BARRERA, SR., individually and as representatives of the ESTATE OF TOMAS BARRERA, hereby file their Opposition to Defendants' Motion in Limine No. 12, to exclude witness Josephine Estrada from offering opinions as to ultimate issues.

///

///

---

OPPOSITION TO DEFENDANTS' MIL NO. 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PLAINTIFFS CANNOT BE ORDERED TO PRECLUDE TESTIMONY OF A WITNESS WHO IS NOT UNDER PLAINTIFF'S CONTROL

Josephine Estrada is an independent eye witness, over whom Plaintiffs or their counsel have no control. Neither Plaintiffs or Defendants can, or are allowed, to advise or direct Ms. Estrada as to what she should, or should not, testify about. Neither party is allowed to talk to Ms. Estrada prior to her testimony. Therefore, this motion should be denied, since if the Honorable Court grant the motion, it will be impossible for Plaintiffs, Defendants or their counsel to enforce the Court order.

## II.

## ANY OBJECTION TO MS. ESTRADA'S TESTIMONY IS WAIVED AS IT WAS NOT TIMELY MADE DURING HER DEPOSITION

Fed. R. of Ev. Rule 32(d)(3)(B) provides that,

"An objection to an error or irregularity at an oral examination is waived if:

(i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and

(ii) it is not timely made during the deposition."

In this case, Ms. DeGenna, who represented Defendants at the time the deposition of Ms. Estrada was taken, did not object to her referring to the incident as "murder" and did not move to strike her answer. Therefore, pursuant to Fed. R. of Ev. Rule 32(d)(3)(B), any objected to said testimony has been waived.

///

///

///

## III.

## MS. ESTRADA'S TESTIMONY IS ADMISSIBLE

Fed. R. of Ev. Rule 701 provides that a witness' testimony in the form of opinions or inferences is appropriate provided it is limited to those opinions or inferences which are rationally based on the perception of the witness. As a percipient witness, Ms. Estrada can offer her opinions and inferences.

The rule prohibiting testimony concerning ultimate issues has been abolished, and Fed. R. of Ev. Rule 704(a) provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Under the Federal Rules of Evidence, opinion testimony is admissible as long as the witness is competent to testify, that is, as long as the witness has perceived the events upon which his opinion is based. The opinion may embrace the ultimate issue to be decided by the trier of fact. *See* U.S. v. Crawford, 239 F.3d 1086, 1090 (9th Cir., 2001) (lay witness may testify as to an ultimate issue of fact, so long as the testimony is otherwise admissible); U.S. v. Allen, 10 F.3d 405, 414 (7th Cir., 1993) (it is no longer a valid objection that witness is offering an opinion on an "ultimate issue"); Wade v. Haynes, 663 F.2d 778, 783 (C.A.Mo., 1981) (it is settled that testimony otherwise admissible is not inadmissible because it embraces an ultimate issue to be decided by the trier of fact); U.S. v. Miller, 600 F.2d 498, 500 (C.A.Miss., 1979) (Rule 704 of the Federal Rules of Evidence clearly permits a witness to express an opinion on an ultimate issue to be decided by the jury.)

It is proper for a lay witness, in relating his observations, to testify in terms which include inferences and to state all relevant inferences, whether or not they embrace ultimate issues to be decided by the trier of fact, unless the trial judge, exercising judicial discretion, determines that drawing such inferences require special skill or knowledge or would tend to mislead the jury. State v. Wigley 5 Wash.App.

465, 468 (Wash.App. 1971).

Ms. Estrada should be allowed to offer her opinions and inferences as to events she witnessed.

Moreover, this is not a criminal case, and the jury will not be asked to decide whether a murder had been committed. Therefore, whether or not Defendant Salinas committed a "murder" is not an ultimate issue in this case.

## IV.
## CONCLUSION

Based on the foregoing, it is respectfully requested that the motion be denied.

Dated: July 16, 2009

LAW OFFICES OF GREGORY A. YATES, P.C.

GREGORY A. YATES
Co-Counsel for Plaintiffs,
TOMAS BARRERA, SR., individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.

Dated: July ___, 2009

LAW OFFICES OF KIM D. SCOVIS

KIM D. SCOVIS
JENNY SCOVIS
Counsel for Plaintiff,
MARIA LAZOS, individually and as a Personal Representative of THE ESTATE OF TOMAS BARRERA, JR.