Jenny Scovis, Esq., State Bar No. 87026
Kim D. Scovis, Esq., State Bar No. 182059
**LAW OFFICES OF KIM D. SCOVIS**
223 East Thousand Oaks Boulevard, Suite 412
Thousand Oaks, California 91360
Telephone: (805) 496-6413   Facsimile: (805) 379-3966

Attorneys for Plaintiff, MARIA LAZOS as an individual, and *THE ESTATE OF THOMAS BARRERA, By and Through its Successor in Interest, MARIA LAZOS*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAZOS, *THE ESTATE OF THOMAS BARRERA, By and Through its Successor in Interest, MARIA LAZOS*<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OXNARD; OXNARD POLICE DEPARTMENT; POLICE CHIEF JOHN CROMBACH; ANDREW SALINA, and DOES 1-10<br><br>Defendants.<br><br>AND CONSOLIDATED ACTION | Case No. CV08-02987-RGK (SHx)<br><br>(consolidated w/ CV 08-05153 RGK )<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES**<br><br>DATE: August 11, 2009<br>TIME:<br>DEPT: "850" |

Plaintiffs, MARIA LAZOS, TOMAS BARRERA and *THE ESTATE OF THOMAS BARRERA BY AND THROUGH ITS SUCCESSORS IN INTEREST MARIA LAZOS and TOMAS BARRERA* do hereby submit their Opposition to Defendants' Motion in Limine seeking an Order prohibiting Plaintiffs from introducing Expert Witness Evidence as follows:

1  In the above-entitled action, the Court provided counsel for all parties
2  the "Order for Jury Trial"(hereinafter "The Order"). Page three (3), lines 20-26 of The
3  Order, under the subtitle "Final Pre-Trial Conference" reads in pertinent part as follows:

> "If expert witnesses are to be called at trial, each party shall list and identify their respective expert witnesses......If expert witnesses are to be called at trial, the parties **shall** exchange at the Final Pre-Trial Conference short narrative statements of the qualifications of the expert and the testimony expeeected to be elicited at trial If reports of experts to be called at trial have been prepared, they shall be exchanged at the Final Pre-Trial Conference but shall not substitute for the narrative statements required." (Emphasis added).

*Fed. Rules Civil Procedure* §26 states in pertinent part:

" (a) Required Disclosures.(1) Initial Disclosure. (A) In General.Except as exempted by Rule 26(a)(1)(B) **or as otherwise stipulated or ordered by the court**, a party must, without awaiting a discovery request, provide to the other parties:¶ (C) Time to Disclose Expert Testimony.A party must make these disclosures at the times and in the sequence that the court orders. **Absent a stipulation or a court order**, the disclosures must be made:(i)at least 90 days before the date set for trial or for the case to be ready for trial; or (ii)if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure." (Emphasis added).

In the case at bar, The Order for Jury Trial clearly states that the Expert Designation exchange was to take place at the Final Pretrial Conference, which is scheduled for July 27, 2009. On or about May 13, 2009, Defendants served Plaintiffs counsel via mail with their Designation of Expert Witnesses. Plaintiffs had the exchange calendared for July 27, 2009. Upon receipt of Defendants' Designation, Kim Scovis, counsel for Maria Lazos, called Dirk DeGenna, counsel for Defendants. In said conversation, Ms. Scovis directed Mr. DeGenna to The Order. Mr. DeGenna replied that his assistant had calendared the Expert Designation due date, and he was not even aware of the contents of the Scheduling Order.

A private mediation in this action was scheduled for and did actually commence on May 22, 2009. Therefore, in an attempt to meet and confer, Plaintiffs counsel sent Mr.

DeGenna correspondence suggesting that the parties exchange designation of expert witnesses after the mediation. Counsel offered to disclose early, but continued to maintain that the due date for said exchange was July 27, 2009. Mr. DeGenna did not agree to exchange expert witnesses after the mediation. Out of an abundance of caution, Plaintiff sent Defendants their Expert designation on May 15, 2008 via facsimile.

Plaintiffs were clearly acting in good faith. Even if the Court finds that the expert designation was due on May 13, 2009, Defendants were not prejudiced in any way. Defendants served Plaintiffs with their Expert Designation on May 13, 2009. Plaintiffs actually received said designation on May 15, 2009. On that same date, Plaintiffs sent defendants via facsimile their own designation of expert witnesses. Therefore, all parties received said designation on the same date.

In the Ninth Circuit, "thedistrict court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985).

Two express exceptions ameliorate the harshness of Rule 37(c)(1): the information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless [Fed R Civ P 37(c)(1); Wong v. Regents of the Univ. of Cal. (9th Cir 2005) 410 F3d 1052, 1062; Yeti by Molly, Ltd. v. Deckers Outdoor Corp. (9th Cir 2001) 259 F3d 1101 Copyright Cases or Patent Cases, 1106 Copyright Cases or Patent Cases–1107].

The burden is on the party facing sanctions to prove harmlessness [Yeti by Molly, Ltd. v. Deckers Outdoor Corp. (9th Cir 2001) 259 F3d 1101. A party's late disclosure of bankruptcy documents was ``substantially justified" when party disclosed them shortly after they were first created [Payne v. Exxon Corp. (9th Cir 1997) 121 F3d 503, 508].Counsel should move to compel or for sanctions as soon as the failure to properly disclose is discovered [Intercargo Ins. Co. v. Burlington N. Santa Fe R.R. (CD Cal 2001) 185 F Supp2d 1103, 1107 (because defendants did not seek to compel a more adequate disclosure within a reasonable time of service of the expert reports, court denied defendants' motions to strike

1 | expert witness designation)].

2 | As stated in more detail herein, plaintiffs were following the Court own scheduling order which clearly provides a due date for the expert exchange. Defense counsel disagreed as to whether the due date as dictated by this Court was a valid cut-off date. Plaintiffs counsel acted in good faith by sending defendants, via facsimile, a copy of their own designation. Defendants would not compromise at all, nor did they seek any relief or order from the Court until the actual date of trial. For all these reasons, Defendants' Motion in Limine Number One must be denied in it's entirety.

DATED: July 16, 2009          LAW OFFICES OF KIM D. SCOVIS

                              _____
                              JENNY SCOVIS
                              Attorneys for Plaintiff


DATED: 7-16, 2009             LAW OFFICES OF GREGORY A. YATES

                              _____
                              GREGORY A. YATES
                              Attorneys for Plaintiff

OPPOSITION TO DEFENDANTS' MOTION IN LIMINE