Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
Dirk DeGenna (SBN 188972)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:    (805) 278-0920
Fax:    (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants CITY OF OXNARD,
OXNARD POLICE DEPARTMENT, JOHN CROMBACH,
and ANDREW SALINAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA LAZOS, et al., | No. CV 08-02987 RGK (SHx) |
| Plaintiffs, | [consolidated w/ No. CV 08-05153 RGK (SH)] |
| v. | **JOINT JURY INSTRUCTIONS** |
| CITY OF OXNARD, et al., | PTC  :  July 27, 2009 |
| Defendants. | Trial: August 11, 2009 |
| | Time : 9:00 a.m. |
| AND CONSOLIDATED ACTION. | Ctrm : 850 Roybal |

The parties hereto submit the following joint jury instructions.

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | Duty of Jury | 9th Cir. 1.1C | 5 |
| 2 | Burden of Proof — Preponderance of the Evidence | 9th Cir. 1.3 | 6 |
| 3 | Two or More Parties — Different Legal Rights | 9th Cir. 1.5 | 7 |
| 4 | What Is Evidence | 9th Cir. 1.6 | 8 |
| 5 | What Is Not Evidence | 9th Cir. 1.7 | 9 |

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 6 | Evidence for Limited Purpose | 9th Cir. 1.8 | 10 |
| 7 | Direct and Circumstantial Evidence | 9th Cir. 1.9 | 11 |
| 8 | Ruling on Objections | 9th Cir. 1.10 | 12 |
| 9 | Credibility of Witnesses | 9th Cir. 1.11 | 13 |
| 10 | Conduct of the Jury | 9th Cir. 1.12 | 14 |
| 11 | No Transcript Available to Jury | 9th Cir. 1.13 | 15 |
| 12 | Taking Notes | 9th Cir. 1.14 | 16 |
| 13 | Jury to Be Guided by Official English Translation/ Interpretation | 9th Cir. 1.16 | 17 |
| 14 | Use of Interpreters in Court | 9th Cir. 1.17 | 18 |
| 15 | Bench Conferences and Recesses | 9th Cir. 1.18 | 19 |
| 16 | Outline of Trial | 9th Cir. 1.19 | 20 |
| 17 | Transcript of Tape Recording | 9th Cir. 2.5 | 21 |
| 18 | Foreign Language Testimony | 9th Cir. 2.7 | 22 |
| 19 | Impeachment Evidence — Witness | 9th Cir. 2.8 | 23 |
| 20 | Use of Interrogatories of a Party | 9th Cir. 2.10 | 24 |
| 21 | Expert Opinion | 9th Cir. 2.11 | 25 |
| 22 | Charts and Summaries in Evidence | 9th Cir. 2.13 | 26 |
| 23 | Duty to Deliberate | 9th Cir. 3.1 | 27 |
| 24 | Communication with Court | 9th Cir. 3.2 | 28 |
| 25 | Return of Verdict | 9th Cir. 3.3 | 29 |
| 26 | Damages — Mitigation | 9th Cir. 5.3 | 30 |

| NO. | TITLE | SOURCE | PAGE |
|------|------------------------------------------------------------|---------------|------|
| 27 | Damages Arising in the Future — Discount to Present Cash Value | 9th Cir. 5.4 | 31 |
| 28 | Section 1983 Claim — Introductory Instruction | 9th Cir. 9.1 | 32 |
| 29 | Section 1983 Claim Against Defendant in Individual Capacity — Elements and Burden of Proof | 9th Cir. 9.2 | 33 |
| 30 | Causation | 9th Cir. 9.8 | 34 |
| 31 | Particular Rights — Fourth Amendment — Unreasonable Seizure of Person — Generally | 9th Cir. 9.18 | 35 |
| 32 | Particular Rights — Fourth Amendment — Unreasonable Seizure of Person — Exception to Warrant Requirement — *Terry* Stop | 9th Cir. 9.19 | 36 |
| 33 | Particular Rights — Fourth Amendment — Unreasonable Seizure of Person — Probable Cause for Arrest | 9th Cir. 9.20 | 37 |

### *MONELL* PHASE INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|------|------------------------------------------------------------|---------------|------|
| 34 | Section 1983 Claim Against Supervisory Defendant In Individual Capacity — Elements and Burden of Proof | 9th Cir. 9.3 | 38 |
| 35 | Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice, or Custom — Elements and Burden of Proof | 9th Cir. 9.4 | 39 |

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 36 | Section 1983 Claim Against Local Governing Body Defendants Based on Act of Final Policymaker — Elements and Burden of Proof | 9th Cir. 9.5 | 40 |
| 37 | Section 1983 Claim Against Local Governing Body Defendants Based on Ratification — Elements and Burden of Proof | 9th Cir. 9.6 | 41 |
| 38 | Section 1983 Claim Against Local Governing Body Defendants Based on Policy of Failure to Train — Elements and Burden of Proof | 9th Cir. 9.7 | 42 |

Dated: July _____, 2009

_____
KIM D. SCOVIS
Attorney for Plaintiffs
MARIA LAZOS and THE ESTATE OF
THOMAS BARRERA

Dated: July _____, 2009

_____
GREGORY A. YATES
Attorney for Plaintiff
TOMAS BARRERA, SR.

Dated: July _____, 2009

_____
DIRK DeGENNA
Attorney for Defendants
CITY OF OXNARD, OXNARD POLICE
DEPARTMENT, JOHN CROMBACH, and
ANDREW SALINAS

1                          1.1C   DUTY OF JURY

2

3        Members of the Jury:  Now that you have heard all of the
     evidence and the arguments of the attorneys, it is my duty to
4     instruct you as to the law of the case.

5        A copy of these instructions will be sent with you to the jury
     room when you deliberate.
6
          You must not infer from these instructions or from anything
7     I may say or do as indicating that I have an opinion regarding the
     evidence or what your verdict should be.
8
         It is your duty to find the facts from all the evidence in the
9     case.  To those facts you will apply the law as I give it to you.
     You must follow the law as I give it to you whether you agree with
10    it or not.  And you must not be influenced by any personal likes or
     dislikes, opinions, prejudices, or sympathy.  That means that you
11    must decide the case solely on the evidence before you.  You will
     recall that you took an oath to do so.
12
         In following my instructions, you must follow all of them and
13    not single out some and ignore others; they are all important.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1         1.3   BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

2

3     When a party has the burden of proof on any claim or
affirmative defense by a preponderance of the evidence, it means

4 you must be persuaded by the evidence that the claim or affirmative
defense is more probably true than not true.

5

6     You should base your decision on all of the evidence,
regardless of which party presented it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          1.5   TWO OR MORE PARTIES — DIFFERENT LEGAL RIGHTS

2

3      You should decide the case as to each party separately. Unless
otherwise stated, the instructions apply to all parties.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.6   WHAT IS EVIDENCE

2

3      The evidence you are to consider in deciding what the facts
are consists of:

4

5      1.   the sworn testimony of any witness;

6      2.   the exhibits which are received into evidence; and

7      3.   any facts to which the lawyers have agreed.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.7   WHAT IS NOT EVIDENCE

2

3          In reaching your verdict, you may consider only the testimony
and exhibits received into evidence. Certain things are not
4   evidence, and you may not consider them in deciding what the facts
are. I will list them for you:

5

6          (1)   Arguments and statements by lawyers are not evidence. The
lawyers are not witnesses. What they have said in their opening
statements, closing arguments, and at other times is intended to
7   help you interpret the evidence, but it is not evidence. If the
facts as you remember them differ from the way the lawyers have
8   stated them, your memory of them controls.

9          (2)   Questions and objections by lawyers are not evidence.
Attorneys have a duty to their clients to object when they believe
10   a question is improper under the rules of evidence. You should not
be influenced by the objection or by the court's ruling on it.

11

12          (3)   Testimony that has been excluded or stricken, or that you
have been instructed to disregard, is not evidence and must not be
considered.   In addition sometimes testimony and exhibits are
13   received only for a limited purpose; when I have given a limiting
instruction, you must follow it.

14

15          (4)   Anything you may have seen or heard when the court was
not in session is not evidence. You are to decide the case solely
on the evidence received at the trial.

16

17

18

19

20

21

22

23

24

25

26

27

28

1.8   EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## 1.9   DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# 1.10   RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.   If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

1

## 1.11   CREDIBILITY OF WITNESSES

2

3       In deciding the facts in this case, you may have to decide
which testimony to believe and which testimony not to believe. You
4  may believe everything a witness says, or part of it, or none of
it.  Proof of a fact does not necessarily depend on the number of
5  witnesses who testify about it.

6       In considering the testimony of any witness, you may take into
account:

7

8       (1)  the opportunity and ability of the witness to see or hear
or know the things testified to;

9       (2)  the witness's memory;

10      (3)  the witness's manner while testifying;

11      (4)  the witness's interest in the outcome of the case and any
bias or prejudice;

12

13      (5)  whether  other  evidence  contradicted  the  witness's
testimony;

14      (6)  the reasonableness of the witness's testimony in light of
all the evidence; and

15      (7)  any other factors that bear on believability.

16

17      The weight of the evidence as to a fact does not necessarily
depend on the number of witnesses who testify about it.

18

19

20

21

22

23

24

25

26

27

28

## 1.12   CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

1                    1.13   NO TRANSCRIPT AVAILABLE TO JURY

2

3         During deliberations, you will have to make your decision
based on what you recall of the evidence.   You will not have a
4    transcript of the trial.   I urge you to pay close attention to the
testimony as it is given.

5
          If at any time you cannot hear or see the testimony, evidence,
6    questions or arguments, let me know so that I can correct the
problem.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.14   TAKING NOTES

    If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom.  No one will read your notes. They will be destroyed at the conclusion of the case.

    Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1          1.16   JURY TO BE GUIDED BY OFFICIAL ENGLISH
                     TRANSLATION/INTERPRETATION
2

3
       Languages other than English may be used during this trial.
4
       The evidence to be considered by you is only that provided
5    through the official court interpreters.  Although some of you may
     know Spanish, it is important that all jurors consider the same
6    evidence.   Therefore, you must accept the English interpretation.
     You must disregard any different meaning.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    17

1          1.17   USE OF INTERPRETERS IN COURT

2

3          You may not make any assumptions about a witness or a party
based solely upon the use of an interpreter to assist that witness
4   or party.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       1.18   BENCH CONFERENCES AND RECESSES

2

3        From time to time during the trial, it became necessary for me
to talk with the attorneys out of the hearing of the jury, either
4   by having a conference at the bench when the jury was present in
the courtroom, or by calling a recess.  Please understand that
5   while you were waiting, we were working.  The purpose of these
conferences is not to keep relevant information from you, but to
6   decide how certain evidence is to be treated under the rules of
evidence and to avoid confusion and error.

7

8        Of course, we have done what we can to keep the number and
length of these conferences to a minimum.  I did not always grant
9   an attorney's request for a conference.  Do not consider my grant-
ing or denying a request for a conference as any indication of my
opinion of the case or of what your verdict should be.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                          1.19   OUTLINE OF TRIAL

2

3       Trials proceed in the following way:  First, each side may
make an opening statement.  An opening statement is not evidence.
4  It is simply an outline to help you understand what that party
expects the evidence will show.  A party is not required to make an
5  opening statement.

6       The plaintiff will then present evidence, and counsel for the
defendant may cross-examine.   Then the defendant may present
7  evidence, and counsel for the plaintiff may cross-examine.

8       After the evidence has been presented, I will instruct you on
the law that applies to the case and the attorneys will make
9  closing arguments.

10      After that, you will go to the jury room to deliberate on your
verdict.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 2.5   TRANSCRIPT OF TAPE RECORDING

2

3

    You have listened to a tape recording that has been received
in evidence. Each of you was given a transcript of the recording to
help you identify speakers and as a guide to help you listen to the
tape.   However, bear in mind that the tape recording is the
evidence, not the transcript.   If you heard something different
from what appeared in the transcript, what you heard is con-
trolling.   After the tape has been played, the transcript will be
taken from you.

## 2.7   FOREIGN LANGUAGE TESTIMONY

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

## 2.8   IMPEACHMENT EVIDENCE — WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

2.10   USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

## 2.11   EXPERT OPINION

2

3      Some witnesses, because of education or experience, are
permitted to state opinions and the reasons for those opinions.

4

5      Opinion testimony should be judged just like any other
testimony. You may accept it or reject it, and give it as much
weight as you think it deserves, considering the witness's
6  education and experience, the reasons given for the opinion, and
all the other evidence in the case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1            2.13   CHARTS AND SUMMARIES IN EVIDENCE

2

3        Certain charts and summaries may be received into evidence to
illustrate information brought out in the trial.   Charts and
4    summaries are only as good as the underlying evidence that supports
them.   You should, therefore, give them only such weight as you
5    think the underlying evidence deserves.

1

## 3.1   DUTY TO DELIBERATE

2

3        When you begin your deliberations, you should elect one member
of the jury as your presiding juror.  That person will preside over
4  the deliberations and speak for you here in court.

5        You will then discuss the case with your fellow jurors to
reach agreement if you can do so.  Your verdict must be unanimous.
6

7        Each of you must decide the case for yourself, but you should
do so only after you have considered all of the evidence, discussed
it fully with the other jurors, and listened to the views of your
8  fellow jurors.

9        Do not hesitate to change your opinion if the discussion
persuades you that you should. Do not come to a decision simply
10  because other jurors think it is right.

11       It is important that you attempt to reach a unanimous verdict
but, of course, only if each of you can do so after having made
12  your own conscientious decision.  Do not change an honest belief
about the weight and effect of the evidence simply to reach a
13  verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 3.2   COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1                           3.3   RETURN OF VERDICT

2

3         A verdict form has been prepared for you.   After you have
reached unanimous agreement on a verdict, your presiding juror will
4    fill in the form that has been given to you, sign and date it, and
advise the court that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                        5.3   DAMAGES — MITIGATION

2

3        The plaintiff has a duty to use reasonable efforts to mitigate
   damages. To mitigate means to avoid or reduce damages.
4
         The defendants have the burden of proving by a preponderance
5  of the evidence:

6        (1)   that the plaintiff failed to use reasonable efforts to
   mitigate damages; and
7
         (2)   the amount by which damages would have been mitigated.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    5.4  DAMAGES ARISING IN THE FUTURE — DISCOUNT TO
              PRESENT CASH VALUE
2

3
       Any award for future economic damages must be for the present
4    cash value of those damages.

5       Noneconomic damages such as pain and suffering are not reduced
     to present cash value.
6
       Present cash value means the sum of money needed now, which,
7    when invested at a reasonable rate of return, will pay future
     damages at the times and in the amounts that you find the damages
8    will be incurred.

9       The rate of return to be applied in determining present cash
     value should be the interest that can reasonably be expected from
10   safe investments that can be made by a person of ordinary prudence,
     who has ordinary financial experience and skill.  You should also
11   consider decreases in the value of money which may be caused by
     future inflation.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          9.1   SECTION 1983 CLAIM — INTRODUCTORY INSTRUCTION

2

3        The plaintiff brings his claims under the federal statute,
42 U.S.C. §1983, which provides that any person or persons who,
4  under color of law, deprives another of any rights, privileges, or
immunities secured by the Constitution or laws of the United States
5  shall be liable to the injured party.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

                    9.2   SECTION 1983 CLAIM AGAINST DEFENDANT
             IN INDIVIDUAL CAPACITY — ELEMENTS AND BURDEN OF PROOF

2

3

        In order to prevail on their §1983 claim against the
4  defendants, Andrew Salinas, Chief John Crombach, City of Oxnard
   Police Department, and the City of Oxnard, the plaintiffs must
5  prove each of the following elements by a preponderance of the
   evidence:

6

        1.    the defendant acted under color of law; and
7

        2.    the acts of the defendant deprived the plaintiffs of
8              their particular rights under the United States Consti-
               tution as explained in later instructions.

9

        A person acts "under color of law" when the person acts or
10 purports to act in the performance of official duties under any
   state, county, or municipal law, ordinance, or regulation. The
11 parties have stipulated that the defendants acted under color of
   law.

12

        If you find the plaintiffs have proved each of these elements,
13 and if you find that the plaintiffs have proved all the elements
   they are required to prove under Instructions 9.2, 9.3, 9.4, 9.5,
14 9.6, 9.7, 9.11, 9.12, 9.14, 9.18, 9.19, 9.29, 9.22, or Special
   Instruction No. _____, your verdict should be for the plaintiffs.
15 If, on the other hand, the plaintiffs have failed to prove any one
   or more of these elements of each and every instruction, your
16 verdict should be for the defendants.

17

18

19

20

21

22

23

24

25

26

27

28

                                    33

1

## 9.8   CAUSATION

2

3       In order to establish that the act[s] of the defendants,
Andrew Salinas, Chief John Crombach, City of Oxnard Police Depart-
4  ment, and City of Oxnard, deprived the plaintiffs of their
particular rights under the United States Constitution as explained
5  in later instructions, the plaintiffs must prove by a preponderance
of the evidence that the acts were so closely related to the
6  deprivation of the plaintiffs' rights as to be the moving force
that caused the ultimate injury.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 9.18   PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE
SEIZURE OF PERSON—GENERALLY

As previously explained, the plaintiff has the burden to prove that the acts of the defendants, Andrew Salinas, Chief John Crombach, City of Oxnard Police Department, and the City of Oxnard, deprived the plaintiffs of particular rights under the United States Constitution. In this case, the plaintiffs allege the defendant deprived them of their rights under the Fourth Amendment to the Constitution when he shot and killed Tommy Barrera Jr.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove the defendant[s] deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.   Andrew Salinas seized the plaintiff's person;

2.   in seizing the plaintiff's person, Andrew Salinas acted intentionally; and

3.   the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including

1.   the number of officers present;

2.   whether weapons were displayed;

3.   whether the encounter occurred in a public or nonpublic setting;

4.   whether the officer's manner would imply that compliance would be compelled; and

5.   whether the officers advised the plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, the plaintiff must prove the defendant meant to engage in the act[s] that caused a seizure of the plaintiff's person.  Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.

35

1

9.19   PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE
SEIZURE OF PERSON—EXCEPTION TO WARRANT
REQUIREMENT—*TERRY* STOP

2

3

4       In general, a seizure of a person for an investigatory stop is
reasonable if, under all of the circumstances known to the officer
5  at the time:

6       1.   the officer had a reasonable suspicion that the person
             seized was engaged in criminal activity and
7

        2.   the length and scope of the seizure was reasonable.
8

9       In order to prove the seizure in this case was unreasonable,
the plaintiff must prove by a preponderance of the evidence that
the officer lacked reasonable suspicion to stop him and that the
10  length and scope of the stop was excessive.

11      "Reasonable suspicion" is an objectively reasonable belief
based on specific and articulable facts.
12

13      In determining whether the length and scope of the seizure was
reasonable, consider how the officer restricted the plaintiff's
liberty and the officer's reason[s] for using such methods and for
14  the length of the stop.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

36

9.20   PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE
SEIZURE OF PERSON—PROBABLE CAUSE ARREST

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff have committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff have committed or was committing a crime.

Under state law, it is a crime to attempt grand theft auto in violation of California Vehicle Code sections 664/10851; draw/exhibit a deadly weapon with intent to resist arrest and detention in the presence of a peace officer in violation of California Penal Code Section 417.8; and assault a police officer with a deadly weapon in violation of California Penal Code Section 245(c).

37

### 9.3   SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on their §1983 claim against the supervisory defendants, Chief John Crombach, the City of Oxnard, and the City of Oxnard Police Department, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   the defendant acted under color of law;

2.   the act of the defendants' subordinate, Andrew Salinas, deprived the plaintiff of [his] [her] particular rights under the United States Constitution as explained in later instructions; and

3.   the defendant set in motion a series of acts by [his] [her] subordinates that [he] [she] knew or reasonably should have known would cause the subordinates to deprive the plaintiff of these rights.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements [he] [she] is required to prove under Instructions 9.2, 9.3, 9.4, 9.5, 9.6, 9.7, 9.11, 9.12, 9.14, 9.18, 9.19, 9.29, 9.22, or Special Instruction No. ____, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

1

2

### 9.4   SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE, OR CUSTOM — ELEMENTS AND BURDEN OF PROOF

3

4

In order to prevail on their §1983 claim against defendants Chief John Crombach, City of Oxnard Police Department, and the City of Oxnard alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

5

6

7

    1.    Defendant Andrew Salinas acted under color of law;

8

    2.    the act[s] of defendant Andrew Salinas deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions; and

9

10

    3.    Defendant Andrew Salinas acted pursuant to an expressly adopted official policy or a longstanding practice or custom of defendants Chief John Crombach, City of Oxnard Police Department, and the City of Oxnard.

11

12

13

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.   The parties have stipulated that defendant Andrew Salinas acted under color of law.

14

15

16

"Official policy" means a rule or regulation promulgated, adopted, or ratified by defendants City of Oxnard and City of Oxnard Police Department.

17

18

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of defendants City of Oxnard and City of Oxnard Police Department.

19

20

21

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instruction 9.2, 9.3, 9.4, 9.5, 9.6, 9.7, 9.11, 9.12, 9.14, 9.18, 9.19, 9.20, 9.22, or Special Instruction No. _____, your verdict should be for the plaintiff. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant.

22

23

24

25

26

27

28

1

9.5   SECTION 1983 CLAIM AGAINST LOCAL GOVERNING
BODY DEFENDANTS BASED ON ACT OF FINAL

2

POLICYMAKER—ELEMENTS AND BURDEN OF PROOF

3

4      In order to prevail on their §1983 claim against defendants
City of Oxnard and City of Oxnard Police Department alleging

5  liability based on the act of a final policymaker, the plaintiff
must prove each of the following elements by a preponderance of the

6  evidence:

7      1.    Chief John Crombach acted under color of law;

8      2.    the act[s] of Chief John Crombach deprived the plaintiffs
            of their particular rights under the United States

9            Constitution as explained in later instructions;

10     3.    Chief John Crombach had final policymaking authority from
            defendant City of Oxnard and City of Oxnard Police

11           Department concerning these act[s]; and

12     4.    when Chief John Crombach engaged in these act[s], he was
            acting as a final policymaker for defendant City of

13           Oxnard and City of Oxnard Police Department.

14     The parties have stipulated that Chief John Crombach acted
under color of law.

15

I instruct you that Chief John Crombach had final policymaking

16  authority from defendant City of Oxnard and City of Oxnard Police
Department concerning the act[s] at issue and, therefore, the third

17  element requires no proof.

18     If you find the plaintiff has proved each of these elements,
and if you find that the plaintiff has proved all the elements [he]

19  [she] is required to prove under 9.2, 9.3, 9.4, 9.5, 9.6, 9.7,
9.11, 9.12, 9.14, 9.18, 9.19, 9.20, 9.22, or Special Instruction

20  No._____,  your verdict should be for the plaintiff.  If, on the
other hand, the plaintiff has failed to prove any one or more of

21  these elements, your verdict should be for the defendant.

22

23

24

25

26

27

28

40

1
9.6   SECTION 1983 CLAIM AGAINST LOCAL GOVERNING
BODY DEFENDANTS BASED ON RATIFICATION—
2
ELEMENTS AND BURDEN OF PROOF

3

4       In order to prevail on their §1983 claim against defendants
City of Oxnard, City of Oxnard Police Department, and Chief John
5   Crombach alleging liability based on ratification by a final
policymaker, the plaintiff must prove each of the following
6   elements by a preponderance of the evidence:

7       1.    Andrew Salinas acted under color of law;

8       2.    the acts of Andrew Salinas deprived the plaintiffs of
their particular rights under the United States Consti-
9             tution as explained in later instructions;

10      3.    Chief John Crombach acted under color of law;

11      4.    Chief John Crombach had final policymaking authority from
defendant Oxnard and City of Oxnard Police Department
12            concerning the acts of Andrew Salinas; and

13      5.    Chief John Crombach ratified Andrew Salinas's act and the
basis for it — that is, Chief John Crombach knew of and
14            specifically approved of the employee's acts.

15      The parties have stipulated that defendants Andrew Salinas and
Chief John Crombach acted under color of law.
16
I instruct you that Chief John Crombach had final policymaking
17   authority from defendant City of Oxnard and City of Oxnard Police
Department concerning the acts at issue and, therefore, the first
18   and fourth elements requires no proof.

19      If you find the plaintiff has proved each of these elements,
and if you find that the plaintiff has proved all the elements they
20   is required to prove under 9.2, 9.3, 9.4, 9.5, 9.6, 9.7, 9.11,
9.12, 9.14, 9.18, 9.19, 9.20, 9.22, or Special Instruction
21   No._____, your verdict should be for the plaintiff.  If, on the
other hand, the plaintiff has failed to prove any one or more of
22   these elements, your verdict should be for the defendant.

23

24

25

26

27

28

9.7   SECTION 1983 CLAIM AGAINST LOCAL
GOVERNING BODY DEFENDANTS BASED ON POLICY
OF FAILURE TO TRAIN — ELEMENTS AND BURDEN OF PROOF

In order to prevail on their §1983 claim against defendants Chief John Crombach, City of Oxnard Police Department, and the City of Oxnard alleging liability based on a policy of failure to train its police officers, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.   the acts of Andrew Salinas deprived the plaintiff of his particular rights under the laws of the United States Constitution as explained in later instructions;

2.   Andrew Salinas acted under color of law;

3.   the training policies of defendants Chief John Crombach, City of Oxnard Police Department, and the City of Oxnard were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.   defendants Chief John Crombach, City of Oxnard Police Department, and the City of Oxnard were deliberately indifferent to the obvious consequences of their failure to train their police officers adequately; and

5.   the failure of defendants Chief John Crombach, City of Oxnard Police Department, and the City of Oxnard to provide adequate training caused the deprivation of the plaintiff's rights by Andrew Salinas; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant's employee acted under color of law.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.   The plaintiff may prove deliberate indifference in this case by showing that defendants Chief John Crombach, City of Oxnard Police Department, and the City of Oxnard knew their failure to train adequately made it highly predictable that their police officers would engage in conduct that would deprive persons such as the plaintiff of their rights.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instructions 9.2, 9.3, 9.4, 9.5,

9.6, 9.7, 9.11, 9.12, 9.14, 9.18, 9.19, 9.20, 9.22, or Special Instruction No._____, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.