Jenny Scovis, Esq., State Bar No. 87026
Kim D. Scovis, Esq., State Bar No. 182059
**LAW OFFICES OF KIM D. SCOVIS**
223 East Thousand Oaks Boulevard, Suite 412
Thousand Oaks, California 91360
Telephone: (805) 496-6413   Facsimile: (805) 379-3966

Attorneys for Plaintiff, MARIA LAZOS as an individual, and *THE ESTATE OF THOMAS BARRERA, By and Through its Successor in Interest, MARIA LAZOS*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAZOS, *THE ESTATE OF THOMAS BARRERA, By and Through its Successor in Interest, MARIA LAZOS*<br><br>     Plaintiff,<br><br>vs.<br><br>CITY OF OXNARD; OXNARD POLICE DEPARTMENT; POLICE CHIEF JOHN CROMBACH; ANDREW SALINA, and DOES 1-10<br><br>     Defendants.<br><br>AND CONSOLIDATED ACTION | Case No. CV08-02987-RGK (SHx)<br><br>(consolidated w/ CV 08-05153 RGK )<br><br>**PLAINTIFF'S PROPOSED MODEL AND SPECIAL JURY INSTRUCTIONS**<br><br>**[TEXT ATTACHED]**<br><br>TRIAL DATE: August 11, 2009<br>PRETRIAL CONF: July 27, 2009<br>DEPT: "850" |

Plaintiffs, MARIA LAZOS, TOMAS BARRERA and *THE ESTATE OF THOMAS BARRERA BY AND THROUGH ITS SUCCESSORS IN INTEREST MARIA LAZOS and TOMAS BARRERA* do hereby submit their Proposed Model and Special Jury Insturctions.

///

///

///

1

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## NINTH CIRCUIT MODEL JURY INSTRUCTIONS

1. 1.2       Claims and Defenses
2. 5.1       Damages-Proof
3. 9.22     Particular Rights-Fourth Amendment-Unreasonable Seizure of Person-Excessive (Deadly And Non-Deadly) Force

## SPECIAL INSTUCTIONS

1. Special Instruction No. 1     Policy Maker
2. Special Instruction No. 2     Supervisors
3. Special Instruction No. 3     Deliberate Indifference

DATED: July 27, 2009        LAW OFFICES OF KIM D. SCOVIS

JENNY SCOVIS
Attorneys for Plaintiff, Maria Lazos

DATED: July 27, 2009        LAW OFFICES OF GREGORY A. YATES

GREG A. YATES
Attorneys for Plaintiff, Tomas Barrera

## 1.2 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claims that Defendants used unnecessary deadly force. Plaintiff alleges that Officer Salinas shot Plaintiff three (3) times in the back when Plaintiff was not armed. Defendant Andrew Salinas claims that Plaintiff was armed with a knife. A knife was found 33/13 feet away up a hill, from the dead Plaintiff. Defendant Salinas, at his deposition, stated that the last shot was a "failure drill". According to Defendant Salinas a "failure drill" is a shot that is aimed at the recipient's head and is intended to kill. Plaintiff allege that Defendants' actions were unreasonable and violated Plaintiffs' constitutional rights. Plaintiffs have the burden of proving these claims by a preponderance of evidence.

The defendants deny this claim. Defendants deny that any of their actions during the time in question violated plaintiffs' constitutional rights. The defendants claim that they were acting in good faith and that their actions were reasonable. The defendants further claim that they are not guilty of any fault or wrongdoing in regard to the incident sued upon. Defendants also claim that plaintiffs' damages are the result of decedent Thomas Barrera Jr.'s wrongful conduct. The Defendants have the burden of proof on these claims and affirmative defenses.

Plaintiffs deny Defendants claiums and affirmative defenses.

## 5.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the Plaintiffs' injuries; the loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future; the mental, physical and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; The reasonable value of necessary medical care, treatment, and services received to the present time; The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future; The reasonable value of wages, earnings, earning capacity,salaries ,employment, employment opportunities, lost to the present time and the reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities, which with reasonable probability will be lost in the future; The reasonable value of necessary household help, services other than medical and expenses required to the present time; The reasonable value of necessary household help, services other than medical, and other expenses which with reasonable probability will be required in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## 9.22 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (DEADLY AND NONDEADLY) FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and/or in defending himself. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force when he shot and killed Thomas Barrera.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to take the plaintiff into custody.

*Approved 12/2007*

# SPECIAL INSTRUCTION NO. 1

## POLICYMAKERS

Chief John Crombach is the policy maker for the Oxnard Police Department.

# SPECIAL INSTRUCTION NO. 2

## SUPERVISORS

Chief John Crombach is a supervisor.

# INSTRUCTION NO. 3

## DELIBERATE INDIFFERENCE

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions. To establish deliberate indifference, the plaintiffs must prove that the defendant knew that the plaintiffs faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it.

Authority: O'mally, 165.26