```
 1  LAW OFFICES OF GREGORY A. YATES, P.C.
    16830 Ventura Blvd., # 250
 2  Encino, California 91436
    TEL. (310) 858-6944; FAX. (818) 905-7038
 3
    DANIEL C. MORGAN & ASSOC.
 4  5851 Thille Street, Suite 103
    Ventura, California 93003
 5  TEL: (805) 815-4610; FAX: (805) 800-1880

 6  Attorneys for Plaintiffs, TOMAS BARRERA, SR., individually and as a Personal
    Representative of THE ESTATE OF TOMAS BARRERA, JR.
 7
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LAZOS, et al, | Case No. CV 08-02987 RGK (SHx) |
| Plaintiff, | |
| vs. | PLAINTIFFS' ADDITIONAL PROPOSED SPECIAL JURY INSTRUCTIONS |
| CITY OF OXNARD, et al, | |
| Defendants. | Trial: August 11, 2009<br>Time: 9:00 a.m.<br>Courtroom: 850 |
| TOMAS BARRERA, SR. | |
| Plaintiff, | |
| vs. | |
| CITY OF OXNARD, et al, | |
| Defendants. | |

Plaintiffs, MARIA LAZOS and TOMAS BARRERA, hereby files additional proposed special jury instructions:

///
///
///
///
///

1  **Additional Special Instructions**:
2  4. Use of Deadly Force;
3  5. Post Even Evidence.

Dated: July 2̲0̲, 2009

LAW OFFICES OF GREGORY A. YATES

_____
GREGORY A. YATES,
Co-Counsel for Plaintiffs,
TOMAS BARRERA, SR.

Dated: July 2̲0̲, 2009

LAW OFFICES OF KIM D. SCOVIS

_____
KIM D. SCOVIS,
Co-Counsel for Plaintiffs,
MARIA LAZOS

# SPECIAL INSTRUCTION NO. 4
## USE OF DEADLY FORCE

An officer or a deputy can use deadly force only against a suspect who poses an immediate threat of death or serious physical harm to the officer or to others.

Evidence will be presented in this case to the effect that prior to being shot, Plaintiff committed a crime. However, commission of a crime does not entitle law enforcement officers to shoot a fleeing suspect. It is not better that all felony suspects die than that they escape. Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so.

# SPECIAL INSTRUCTION NO. 5

## POST EVENT EVIDENCE

Post-event evidence is highly probative for purposes of proving the existence of a municipal defendant's policy or custom. The plaintiffs may prove the existence of a policy or custom with evidence of repeated constitutional violations for which the errant deputies were not discharged or reprimanded. This is so whether or not the official policy makers (in this case, Chief Ctrombach) had actual knowledge of the practice at issue.

Policymaker's inaction in face of a problem, constitutes policy for purposes of §1983 liability. The subsequent acceptance of dangerous recklessness by the policymaker tends to prove his preexisting disposition and policy. When a county continues to turn blind eye to severe violations of constitutional rights, despite having received notice of such violations, you may infer the existence of previous policy or custom of deliberate indifference.

The disposition of the policymaker may also be inferred from his conduct after the events of that night, if following the incident there were no reprimands, no discharges and no admissions of error. If, following incompetent performance, there were no reprimands, no discharges, and no admissions of error, and if episode of dangerous recklessness obtained little attention and action by policymakers, you are entitled to conclude that it was accepted as the way things are done and have been done.